UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CCM PENSION-A, L.L.C., CCM PENSION-B, L.L.C., CCM PENSION-C, L.L.C., CONTRARIAN ADVANTAGE-B, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL TRADE CLAIMS, L.P., CONTRARIAN CENTRE STREET PARTNERSHIP, L.P., CONTRARIAN EMERGING MARKETS, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, P CONTRARIAN EM LTD., and PERMAL CONTRARIAN FUND I LTD., | : : : : : : : : : : : : : | CIVIL INDEX NO. |
| Plaintiffs, | : | |
| v. | | |
| THE REPUBLIC OF ARGENTINA, | | |
| Defendant. | | |

## **COMPLAINT**

Plaintiffs CCM Pension-A, L.L.C. ("CPENA"), CCM Pension-B, L.L.C. ("CPENB"), CCM Pension-C, L.L.C. ("CPENC"), Contrarian Advantage-B, LP ("TCAB"), Contrarian Capital Senior Secured, L.P. ("CSSM"), Contrarian Capital Fund I, L.P. ("CC1"), Contrarian Capital Trade Claims, L.P. ("CCTC"), Contrarian Centre Street Partnership, L.P. ("CCSP"), Contrarian Emerging Markets, L.P. ("CEM"), Contrarian Dome du Gouter Master Fund, LP ("CDG"), P Contrarian EM Ltd. ("P-CEM"), and Permal Contrarian Fund I Ltd. ("PERMAL") (collectively, "Plaintiffs"), by their undersigned counsel, as and for their Complaint against Defendant Republic of Argentina (the "Republic"), allege as follows:

## **NATURE OF THE ACTION**

1.      This is a breach of contract action arising from the Republic's failure to

make contractually-mandated principal and interest payments on certain bonds held by Plaintiffs and issued by the Republic.

2.      This action also seeks specific performance of the Republic's payment obligations pursuant to the equal treatment provisions of the bonds, which provide for equal treatment in terms of rank and priority of payment for holders of bonds with respect to any unsecured and unsubordinated External Indebtedness.

3.      From 2005 to the present, the Republic has engaged in a course of conduct which violates the equal treatment provisions.  In particular, under color of Law 26,017 passed in 2005 and Law 26,547 passed in 2009, the Republic issued bonds in its 2005 and 2010 Bond Exchanges with payment obligations that rank higher than the bonds held by Plaintiffs.  The Republic's issuance of these higher ranking bonds, facilitated by Laws 26,017 and 26,547, and its continuing payment of semi-annual interest to the holders of the bonds issued in the 2005 and 2010 Bond Exchanges, while paying nothing to Plaintiffs and other bondholders who did not participate in the Exchanges, violates the equal treatment provisions of the bonds.

4.      In May 2014, the Republic also began issuing bonds bearing ISIN ARARGE03H413 (the "BONAR 2024 Bonds") and has made payments on the BONAR 2024 Bonds while paying nothing to Plaintiffs in violation of the equal treatment provisions of the bonds.  To prevent further violations, Plaintiffs seek specific performance of the equal treatment provisions with respect to the 2005 and 2010 Bond Exchanges, the BONAR 2024 Bonds, and all other External Indebtedness.

## THE PARTIES

5.      Plaintiff CPENA is a Delaware limited liability corporation.

6.      Plaintiff CPENB is a Delaware limited liability corporation.

2

7.    Plaintiff CPENC is a Delaware limited liability corporation.

8.    Plaintiff TCAB is a Delaware limited partnership.

9.    Plaintiff CSSM is a Delaware limited partnership.

10.   Plaintiff CC1 is a Delaware limited partnership.

11.   Plaintiff CCTC is a Delaware limited partnership.

12.   Plaintiff CCSP is a Delaware limited partnership.

13.   Plaintiff CEM is a Delaware limited partnership.

14.   Plaintiff CDG is a Ontario, Canada limited partnership.

15.   Plaintiff P-CEM is British Virgin Islands limited partnership.

16.   Plaintiff PERMAL is a British Virgin Islands limited partnership.

17.   Defendant Republic of Argentina is a Foreign State as defined in 28

U.S.C. § 1603.

## JURISDICTION AND VENUE

18.   This Court has jurisdiction over this action pursuant to 28 U.S.C.

§ 1330(a).

19.   In addition, this Court has personal jurisdiction over the Republic because

the Republic regularly conducts business in New York.

20.   Venue is proper in this district by agreement of the parties and pursuant to

28 U.S.C. § 1391(f).

## FACTUAL ALLEGATIONS

**CPENA's Bonds**

21.   CPENA is the owner of € 15,000 principal amount of bonds issued

pursuant to the June 20, 2000 and amended October 6, 2000 Offering Circular "DE0002466208

Offering Circular") by the Republic, ISIN DE0002466208 (the "DE0002466208 Bonds").  The

3

DE0002466208 Bonds have a coupon rate of 9% and matured on June 20, 2003, at which time the entire principal amount on the DE0002466208 Bonds became due and payable.

22.     CPENA is the owner of € 24,000 principal amount of bonds issued pursuant to the offering circular, dated July 14, 1998 ("DE0002483203 Offering Circular") by the Republic, ISIN DE0002483203 (the "DE0002483203 Bonds"). The DE0002483203 Bonds have a coupon rate of 8% and mature on July 6, 2010, at which time the entire principal amount on the DE0002483203 Bonds became due and payable.

23.     CPENA is the owner of € 7,000 principal amount of bonds issued pursuant to the offering circular, dated February 26, 1999 ("DE0002923851 Offering Circular") by the Republic, ISIN DE0002923851 (the "DE0002923851 Bonds"). The DE0002923851 Bonds have a coupon rate of 8% and mature on February 26, 2008, at which time the entire principal amount on the DE0002923851 Bonds became due and payable.

24.     CPENA is the owner of € 4,000 principal amount of bonds issued pursuant to the offering circular, dated April 21, 1999 ("DE0002966900 Offering Circular") by the Republic, ISIN DE0002966900 (the "DE0002966900 Bonds"). The DE0002966900 Bonds have a coupon rate of 8% and matured on February 26, 2008, at which time the entire principal amount on the DE0002966900 Bonds became due and payable.

25.     CPENA is the owner of € 6,000 principal amount of bonds issued pursuant to the offering circular, dated June 30, 1999 ("DE0003089850 Offering Circular") by the Republic, ISIN DE0003089850 (the "DE0003089850 Bonds"). The DE0003089850 Bonds have a coupon rate of 8.5% and matured on July 1, 2004, at which time the entire principal amount on the DE0003089850 Bonds became due and payable.

26.     CPENA is the owner of € 10,000 principal amount of bonds issued pursuant to the offering circular, dated October 21, 1999 ("DE0003527966 Offering Circular") by the Republic, ISIN DE0003527966 (the "DE0003527966 Bonds"). The DE0003527966 Bonds have a coupon rate of 9.25% and matured on October 21, 2002, at which time the entire principal amount on the DE0003527966 Bonds became due and payable.

27.     CPENA is the owner of € 15,000 principal amount of bonds issued pursuant to the offering circular, dated November 24, 1999 ("DE0003538914 Offering Circular") by the Republic, ISIN DE0003538914 (the "DE0003538914 Bonds"). The DE0003538914 Bonds have a coupon rate of 9.75% and matured on November 26, 2003, at which time the entire principal amount on the DE0003538914 Bonds became due and payable.

28.     CPENA is the owner of € 3,000 principal amount of bonds issued pursuant to the Trust Deed, dated July 27, 1993 ("1993 Trust Deed") by the Republic, ISIN US04011NAL29 (the "US04011NAL29 Bonds"). The US04011NAL29 Bonds matured on May 26, 2006, at which time the entire principal amount on the US04011NAL29 Bonds became due and payable.

29.     CPENA is the owner of € 45,000 principal amount of bonds issued pursuant to the 1993 Trust Deed by the Republic, ISIN XS0089277825 (the "XS0089277825 Bonds"). The XS0089277825 Bonds have a coupon rate of 8.5% and matured on July 30, 2010, at which time the entire principal amount on the XS0089277825 Bonds became due and payable.

30.     CPENA is the owner of € 8,000 principal amount of bonds issued by the Republic, ISIN IT0006527292 (the "IT0006527292 Bonds"). The IT0006527292 Bonds have a coupon rate of 8% and matured on February 25, 2002, at which time the entire principal amount on the IT0006527292 Bonds became due and payable.

31.    A record of CPENA's holdings of the Argentine bonds referenced above is attached as **Exhibit A**.

**CPENB's Bonds**

32.    CPENB is the owner of € 6,000 principal amount of the DE0002466208 Bonds. The DE0002466208 Bonds have a coupon rate of 9% and matured on June 20, 2003, at which time the entire principal amount on the DE0002466208 Bonds became due and payable.

33.    CPENB is the owner of € 5,000 principal amount of the DE0002483203 Bonds. The DE0002483203 Bonds have a coupon rate of 8% and mature on July 6, 2010, at which time the entire principal amount on the DE0002483203 Bonds became due and payable.

34.    CPENB is the owner of € 3,000 principal amount of the DE0002923851 Bonds. The DE0002923851 Bonds have a coupon rate of 8% and mature on February 26, 2008, at which time the entire principal amount on the DE0002923851 Bonds became due and payable.

35.    CPENB is the owner of € 2,000 principal amount of the DE0003089850 Bonds. The DE0003089850 Bonds have a coupon rate of 8.5% and matured on July 1, 2004, at which time the entire principal amount on the DE0003089850 Bonds became due and payable.

36.    CPENB is the owner of € 5,000 principal amount of the DE0003527966 Bonds. The DE0003527966 Bonds have a coupon rate of 9.25% and matured on October 21, 2002, at which time the entire principal amount on the DE0003527966 Bonds became due and payable.

37.    CPENB is the owner of € 4,000 principal amount of the DE0003538914 Bonds. The DE0003538914 Bonds have a coupon rate of 9.75% and matured on November 26, 2003, at which time the entire principal amount on the DE0003538914 Bonds became due and payable.

38.     CPENB is the owner of € 1,000 principal amount of the US04011NAL29 Bonds. The US04011NAL29 Bonds matured on May 26, 2006, at which time the entire principal amount on the US04011NAL29 Bonds became due and payable.

39.     CPENB is the owner of € 10,000 principal amount of the XS0089277825 Bonds. The XS0089277825 Bonds have a coupon rate of 8.5% and matured on July 30, 2010, at which time the entire principal amount on the XS0089277825 Bonds became due and payable.

40.     CPENB is the owner of € 3,000 principal amount of the IT0006527292 Bonds. The IT0006527292 Bonds have a coupon rate of 8% and matured on February 25, 2002, at which time the entire principal amount on the IT0006527292 Bonds became due and payable.

41.     A record of CPENB's holdings of the Argentine bonds referenced above is attached as **Exhibit A**.

**CPENC's Bonds**

42.     CPENC is the owner of € 2,000 principal amount of the US04011NAL29 Bonds. The US04011NAL29 Bonds matured on May 26, 2006, at which time the entire principal amount on the US04011NAL29 Bonds became due and payable.

43.     A record of CPENC's holdings of the Argentine bonds referenced above is attached as **Exhibit A**.

**TCAB's Bonds**

44.     TCAB is the owner of € 19,000 principal amount of the DE0002483203 Bonds. The DE0002483203 Bonds have a coupon rate of 8% and mature on July 6, 2010, at which time the entire principal amount on the DE0002483203 Bonds became due and payable.

45.     TCAB is the owner of € 34,000 principal amount of the DE0002923851 Bonds.  The DE0002923851 Bonds have a coupon rate of 8% and mature on February 26, 2008, at which time the entire principal amount on the DE0002923851 Bonds became due and payable.

46.     TCAB is the owner of € 2,000 principal amount of the DE0002966900 Bonds.  The DE0002966900 Bonds have a coupon rate of 8% and matured on February 26, 2008, at which time the entire principal amount on the DE0002966900 Bonds became due and payable.

47.     TCAB is the owner of € 14,000 principal amount of the DE0003538914 Bonds.  The DE0003538914 Bonds have a coupon rate of 9.75% and matured on November 26, 2003, at which time the entire principal amount on the DE0003538914 Bonds became due and payable.

48.     TCAB is the owner of € 68,000 principal amount of the XS0089277825 Bonds.  The XS0089277825 Bonds have a coupon rate of 8.5% and matured on July 30, 2010, at which time the entire principal amount on the XS0089277825 Bonds became due and payable.

49.     A record of TCAB's holdings of the Argentine bonds referenced above is attached as **Exhibit A**.

**CC1's Bonds**

50.     CC1 is the owner of € 245,000 principal amount of the DE0002466208 Bonds.  The DE0002466208 Bonds have a coupon rate of 9% and matured on June 20, 2003, at which time the entire principal amount on the DE0002466208 Bonds became due and payable.

51.     CC1 is the owner of € 115,248 principal amount of the DE0002483203 Bonds.  The DE0002483203 Bonds have a coupon rate of 8% and mature on July 6, 2010, at which time the entire principal amount on the DE0002483203 Bonds became due and payable.

8

52.    CC1 is the owner of € 95,000 principal amount of the DE0002923851 Bonds.  The DE0002923851 Bonds have a coupon rate of 8% and mature on February 26, 2008, at which time the entire principal amount on the DE0002923851 Bonds became due and payable.

53.    CC1 is the owner of € 21,000 principal amount of the DE0002966900 Bonds.  The DE0002966900 Bonds have a coupon rate of 8% and matured on February 26, 2008, at which time the entire principal amount on the DE0002966900 Bonds became due and payable.

54.    CC1 is the owner of € 92,000 principal amount of the DE0003089850 Bonds.  The DE0003089850 Bonds have a coupon rate of 8.5% and matured on July 1, 2004, at which time the entire principal amount on the DE0003089850 Bonds became due and payable.

55.    CC1 is the owner of € 127,000 principal amount of the DE0003527966 Bonds.  The DE0003527966 Bonds have a coupon rate of 9.25% and matured on October 21, 2002, at which time the entire principal amount on the DE0003527966 Bonds became due and payable.

56.    CC1 is the owner of € 83,000 principal amount of the DE0003538914 Bonds.  The DE0003538914 Bonds have a coupon rate of 9.75% and matured on November 26, 2003, at which time the entire principal amount on the DE0003538914 Bonds became due and payable.

57.    CC1 is the owner of € 1,000 principal amount of the US04011NAL29 Bonds.  The US04011NAL29 Bonds matured on May 26, 2006, at which time the entire principal amount on the US04011NAL29 Bonds became due and payable.

58.     CC1 is the owner of € 205,000 principal amount of the XS0089277825 Bonds.  The XS0089277825 Bonds have a coupon rate of 8.5% and matured on July 30, 2010, at which time the entire principal amount on the XS0089277825 Bonds became due and payable.

59.     CC1 is the owner of € 18,000 principal amount of bonds issued pursuant to the pursuant to the 1993 Trust Deed by the Republic, ISIN XS0105224470  (the "XS0105224470 Bonds").  The XS0105224470 Bonds have a floating rate and matured on December 22, 2004, at which time the entire principal amount on the  XS0105224470 Bonds became due and payable.

60.     CC1 is the owner of € 149,000 principal amount of the IT0006527292 Bonds.  The IT0006527292 Bonds have a coupon rate of 8% and matured on February 25, 2002, at which time the entire principal amount on the IT0006527292 Bonds became due and payable.

61.     CC1 is the owner of € 19,000 principal amount of bonds issued by the Republic, ISIN IT0006529769 (the "IT0006529769 Bonds").  The IT0006529769 Bonds have a floating rate and matured on July 22, 2003, at which time the entire principal amount on the IT0006529769 Bonds became due and payable.

62.     A record of CC1's holdings of the Argentine bonds referenced above is attached as **Exhibit A**.

**CSSM's Bonds**

63.     CSSM is the owner of € 26,000 principal amount of the DE0002466208 Bonds.  The DE0002466208 Bonds have a coupon rate of 9% and matured on June 20, 2003, at which time the entire principal amount on the DE0002466208 Bonds became due and payable.

64.     CSSM is the owner of € 10,000 principal amount of the DE0003089850 Bonds. The DE0003089850 Bonds have a coupon rate of 8.5% and matured on July 1, 2004, at which time the entire principal amount on the DE0003089850 Bonds became due and payable.

65.     CSSM is the owner of € 12,000 principal amount of the DE0003527966 Bonds. The DE0003527966 Bonds have a coupon rate of 9.25% and matured on October 21, 2002, at which time the entire principal amount on the DE0003527966 Bonds became due and payable.

66.     CSSM is the owner of € 1,000 principal amount of the DE0003538914 Bonds. The DE0003538914 Bonds have a coupon rate of 9.75% and matured on November 26, 2003, at which time the entire principal amount on the DE0003538914 Bonds became due and payable.

67.     CSSM is the owner of € 2,000 principal amount of the XS0105224470 Bonds. The XS0105224470 Bonds have a floating coupon rate and matured on December 29, 2004, at which time the entire principal amount on the XS0105224470 Bonds became due and payable.

68.     CSSM is the owner of € 15,000 principal amount of the IT0006527292 Bonds. The IT0006527292 Bonds have a coupon rate of 8% and matured on February 25, 2002, at which time the entire principal amount on the IT0006527292 Bonds became due and payable.

69.     CSSM is the owner of € 2,000 principal amount of the IT0006529769 Bonds. The IT0006529769 Bonds have a floating rate and matured on July 22, 2003, at which time the entire principal amount on the IT0006529769 Bonds became due and payable.

70.     A record of CSSM's holdings of the Argentine bonds referenced above is attached as **Exhibit A**.

**CCTC's Bonds**

71.    CCTC is the owner of € 40,000 principal amount of the DE0002466208 Bonds. The DE0002466208 Bonds have a coupon rate of 9% and matured on June 20, 2003, at which time the entire principal amount on the DE0002466208 Bonds became due and payable.

72.    CCTC is the owner of € 24,000 principal amount of the DE0002483203 Bonds. The DE0002483203 Bonds have a coupon rate of 8% and mature on July 6, 2010, at which time the entire principal amount on the DE0002483203 Bonds became due and payable.

73.    CCTC is the owner of € 54,000 principal amount of the DE0002923851 Bonds. The DE0002923851 Bonds have a coupon rate of 8% and mature on February 26, 2008, at which time the entire principal amount on the DE0002923851 Bonds became due and payable.

74.    CCTC is the owner of € 4,000 principal amount of the DE0002966900 Bonds. The DE0002966900 Bonds have a coupon rate of 8% and matured on February 26, 2008, at which time the entire principal amount on the DE0002966900 Bonds became due and payable.

75.    CCTC is the owner of € 14,000 principal amount of the DE0003089850 Bonds. The DE0003089850 Bonds have a coupon rate of 8.5% and matured on July 1, 2004, at which time the entire principal amount on the DE0003089850 Bonds became due and payable.

76.    CCTC is the owner of € 19,000 principal amount of the DE0003527966 Bonds. The DE0003527966 Bonds have a coupon rate of 9.25% and matured on October 21, 2002, at which time the entire principal amount on the DE0003527966 Bonds became due and payable.

77.    CCTC is the owner of € 18,000 principal amount of the DE0003538914 Bonds. The DE0003538914 Bonds have a coupon rate of 9.75% and matured on November 26,

2003, at which time the entire principal amount on the DE0003538914 Bonds became due and payable.

78.     CCTC is the owner of € 83,000 principal amount of the XS0089277825 Bonds. The XS0089277825 Bonds have a coupon rate of 8.5% and matured on July 30, 2010, at which time the entire principal amount on the XS0089277825 Bonds became due and payable.

79.     CCTC is the owner of € 2,000 principal amount of the XS0105224470 Bonds. The XS0105224470 Bonds have a floating rate and matured on December 22, 2004, at which time the entire principal amount on the XS0105224470 Bonds became due and payable.

80.     CCTC is the owner of € 24,000 principal amount of the IT0006527292 Bonds. The IT0006527292 Bonds have a coupon rate of 8% and matured on February 25, 2002, at which time the entire principal amount on the IT0006527292 Bonds became due and payable.

81.     CCTC is the owner of € 3,000 principal amount of the IT0006529769 Bonds. The IT0006529769 Bonds have a floating rate and matured on July 22, 2003, at which time the entire principal amount on the IT0006529769 Bonds became due and payable.

82.     A record of CCTC's holdings of the Argentine bonds referenced above is attached as **Exhibit A**.

**CCSP's Bonds**

83.     CCSP is the owner of € 39,000 principal amount of the DE0002466208 Bonds. The DE0002466208 Bonds have a coupon rate of 9% and matured on June 20, 2003, at which time the entire principal amount on the DE0002466208 Bonds became due and payable.

84.     CCSP is the owner of € 12,000 principal amount of the DE0003089850 Bonds. The DE0003089850 Bonds have a coupon rate of 8.5% and matured on July 1, 2004, at which time the entire principal amount on the DE0003089850 Bonds became due and payable.

85.    CCSP is the owner of € 166,000 principal amount of the DE0003527966 Bonds. The DE0003527966 Bonds have a coupon rate of 9.25% and matured on October 21, 2002, at which time the entire principal amount on the DE0003527966 Bonds became due and payable.

86.    CCSP is the owner of € 1,000 principal amount of the DE0003538914 Bonds. The DE0003538914 Bonds have a coupon rate of 9.75% and matured on November 26, 2003, at which time the entire principal amount on the DE0003538914 Bonds became due and payable.

87.    CCSP is the owner of € 2,000 principal amount of the XS0105224470 Bonds. The XS0105224470 Bonds have a floating rate and matured on December 22, 2004, at which time the entire principal amount on the  XS0105224470 Bonds became due and payable.

88.    CCSP is the owner of € 21,000 principal amount of the IT0006527292 Bonds. The IT0006527292 Bonds have a coupon rate of 8% and matured on February 25, 2002, at which time the entire principal amount on the IT0006527292 Bonds became due and payable.

89.    CCSP is the owner of € 6,000 principal amount of the IT0006529769 Bonds. The IT0006529769 Bonds have a floating rate and matured on July 22, 2003, at which time the entire principal amount on the IT0006529769 Bonds became due and payable.

90.    A record of CCSP's holdings of the Argentine bonds referenced above is attached as **Exhibit A**.

**CEM's Bonds**

91.    CEM is the owner of € 493,000 principal amount of the DE0002466208 Bonds. The DE0002466208 Bonds have a coupon rate of 9% and matured on June 20, 2003, at which time the entire principal amount on the DE0002466208 Bonds became due and payable.

92.     CEM is the owner of € 277,263 principal amount of the DE0002483203 Bonds. The DE0002483203 Bonds have a coupon rate of 8% and mature on July 6, 2010, at which time the entire principal amount on the DE0002483203 Bonds became due and payable.

93.     CEM is the owner of € 288,000 principal amount of the DE0002923851 Bonds. The DE0002923851 Bonds have a coupon rate of 8% and mature on February 26, 2008, at which time the entire principal amount on the DE0002923851 Bonds became due and payable.

94.     CEM is the owner of € 33,000 principal amount of the DE0002966900 Bonds. The DE0002966900 Bonds have a coupon rate of 8% and matured on February 26, 2008, at which time the entire principal amount on the DE0002966900 Bonds became due and payable.

95.     CEM is the owner of € 249,000 principal amount of the DE0003089850 Bonds. The DE0003089850 Bonds have a coupon rate of 8.5% and matured on July 1, 2004, at which time the entire principal amount on the DE0003089850 Bonds became due and payable.

96.     CEM is the owner of € 674,000 principal amount of the DE0003527966 Bonds. The DE0003527966 Bonds have a coupon rate of 9.25% and matured on October 21, 2002, at which time the entire principal amount on the DE0003527966 Bonds became due and payable.

97.     CEM is the owner of € 125,000 principal amount of the DE0003538914 Bonds. The DE0003538914 Bonds have a coupon rate of 9.75% and matured on November 26, 2003, at which time the entire principal amount on the DE0003538914 Bonds became due and payable.

98.     CEM is the owner of € 43,000 principal amount of the US04011NAL29 Bonds. The US04011NAL29 Bonds matured on May 26, 2006, at which time the entire principal amount on the US04011NAL29 Bonds became due and payable.

99.     CEM is the owner of € 658,000 principal amount of the XS0089277825 Bonds. The XS0089277825 Bonds have a coupon rate of 8.5% and matured on July 30, 2010, at which time the entire principal amount on the XS0089277825 Bonds became due and payable.

100.    CEM is the owner of € 34,000 principal amount of the XS0105224470 Bonds. The XS0105224470 Bonds have a floating rate and matured on December 22, 2004, at which time the entire principal amount on the  XS0105224470 Bonds became due and payable.

101.    CEM is the owner of € 286,000 principal amount of the IT0006527292 Bonds. The IT0006527292 Bonds have a coupon rate of 8% and matured on February 25, 2002, at which time the entire principal amount on the IT0006527292 Bonds became due and payable.

102.    CEM is the owner of € 50,000 principal amount of the IT0006529769 Bonds. The IT0006529769 Bonds have a floating rate and matured on July 22, 2003, at which time the entire principal amount on the IT0006529769 Bonds became due and payable.

103.    A record of CEM's holdings of the Argentine bonds referenced above is attached as **Exhibit A**.

**CDG's Bonds**

104.    CDG is the owner of € 77,000 principal amount of the DE0002466208 Bonds. The DE0002466208 Bonds have a coupon rate of 9% and matured on June 20, 2003, at which time the entire principal amount on the DE0002466208 Bonds became due and payable.

105.     CDG is the owner of € 41,000 principal amount of the DE0003089850 Bonds. The DE0003089850 Bonds have a coupon rate of 8.5% and matured on July 1, 2004, at which time the entire principal amount on the DE0003089850 Bonds became due and payable.

106.     CDG is the owner of € 540,000 principal amount of the DE0003527966 Bonds. The DE0003527966 Bonds have a coupon rate of 9.25% and matured on October 21, 2002, at which time the entire principal amount on the DE0003527966 Bonds became due and payable.

107.     CDG is the owner of € 1,000 principal amount of the DE0003538914 Bonds. The DE0003538914 Bonds have a coupon rate of 9.75% and matured on November 26, 2003, at which time the entire principal amount on the DE0003538914 Bonds became due and payable.

108.     CDG is the owner of € 4,000 principal amount of the XS0105224470 Bonds. The XS0105224470 Bonds have a floating rate and matured on December 22, 2004, at which time the entire principal amount on the  XS0105224470 Bonds became due and payable.

109.     CDG is the owner of € 28,000 principal amount of the IT0006527292 Bonds. The IT0006527292 Bonds have a coupon rate of 8% and matured on February 25, 2002, at which time the entire principal amount on the IT0006527292 Bonds became due and payable.

110.     CDG is the owner of € 20,000 principal amount of the IT0006529769 Bonds. The IT0006529769 Bonds have a floating rate and matured on July 22, 2003, at which time the entire principal amount on the IT0006529769 Bonds became due and payable.

111.     A record of CDG's holdings of the Argentine bonds referenced above is attached as **Exhibit A**.

**P-CEM's Bonds**

112.    P-CEM is the owner of € 18,000 principal amount of the US04011NAL29

Bonds.  The US04011NAL29 Bonds matured on May 26, 2006, at which time the entire

principal amount on the US04011NAL29 Bonds became due and payable.

113.    P-CEM is the owner of € 24,000 principal amount of the IT0006529769

Bonds.  The IT0006529769 Bonds have a floating rate and matured on July 22, 2003, at which

time the entire principal amount on the IT0006529769 Bonds became due and payable.

114.    A record of P-CEM's holdings of the Argentine bonds referenced above is

attached as **Exhibit A**.

**PERMAL's Bonds**

115.    PERMAL is the owner of € 2,000 principal amount of the

US04011NAL29 Bonds.  The US04011NAL29 Bonds matured on May 26, 2006, at which time

the entire principal amount on the US04011NAL29 Bonds became due and payable.

116.    A record of PERMAL's holdings of the Argentine bonds referenced above

is attached as **Exhibit A**.

**The Republic's Default Under the DE0002466208 Offering Circular**

117.    Pursuant to Section 8 of the Terms and Conditions of the Bonds of the

DE0002466208 Offering Circular, the following, *inter alia*, are defined as "Events of Default":

> (a) Non-Payment:  the Republic fails to pay any principal of any of the
> Bonds when due and payable or fails to pay any interest on any of the
> Bonds when due and payable and such failure continues for a period of 30
> days; or
>
> * * *
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest
> on, the Public External Indebtedness of the Republic of Argentina shall be
> proposed or declared by the Republic of Argentina . . .

118.    Section 8 of the Terms and Conditions of the Bonds of the DE0002466208 Offering Circular further provides that following either of the foregoing Events of Default, a bondholder, *i.e.,* Plaintiffs, may give the Republic's Principal Paying Agent written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

119.    In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the DE0002466208 Offering Circular.

120.    Since then, the Republic has failed to make payments due on the DE0002466208 Bonds.

**The Republic's Default Under the DE0002483203 Offering Circular**

121.    Pursuant to Section 10 of the Terms and Conditions of the Bonds of the DE0002483203 Offering Circular, the following, *inter alia*, are defined as "Events of Default":

> (a) Non-Payment:  the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> * * *
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina . . .

122.    Section 10 of the Terms and Conditions of the Bonds of the DE0002483203 Offering Circular further provides that following either of the foregoing Events of Default, a bondholder, *i.e.,* Plaintiffs, may give the Republic's Principal Paying Agent written notice and declare "such Bond to be immediately due and payable together with accrued interest

thereon, as of the date on which such notice is received by the Principal Paying Agent."

123.    In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the DE0002483203 Offering Circular.

124.    Since then, the Republic has failed to make payments due on the DE0002483203 Bonds.

**The Republic's Default Under the DE0002923851 Offering Circular**

125.    Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0002923851 Offering Circular, the following, *inter alia*, are defined as "Events of Default":

> (a) Non-Payment:  the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> * * *
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina ...

126.    Section 9 of the Terms and Conditions of the Bonds of the DE0002923851 Offering Circular further provides that following either of the foregoing Events of Default, a bondholder, *i.e.,* Plaintiffs, may give the Republic's Principal Paying Agent written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

127.    In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the DE0002923851 Offering Circular.

128.    Since then, the Republic has failed to make payments due on the

DE0002923851 Bonds.

**The Republic's Default Under the DE0002966900 Offering Circular**

129.   Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0002966900 Offering Circular, the following, *inter alia*, are defined as "Events of Default":

> (a) Non-Payment:  the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> * * *
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina . . .

130.   Section 9 of the Terms and Conditions of the Bonds of the DE0002966900 Offering Circular further provides that following either of the foregoing Events of Default, a bondholder, *i.e.,* Plaintiffs, may give the Republic's Principal Paying Agent written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

131.   In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the DE0002966900 Offering Circular.

132.   Since then, the Republic has failed to make payments due on the DE0002966900 Bonds.

**The Republic's Default Under the DE0003089850 Offering Circular**

133.   Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0003089850 Offering Circular, the following, *inter alia*, are defined as "Events of Default":

(a) Non-Payment: the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or

\* \* \*

(d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina . . .

134.   Section 9 of the Terms and Conditions of the Bonds of the DE0003089850 Offering Circular further provides that following either of the foregoing Events of Default, a bondholder, *i.e.,* Plaintiffs, may give the Republic's Principal Paying Agent written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

135.   In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the DE0003089850 Offering Circular.

136.   Since then, the Republic has failed to make payments due on the DE0003089850 Bonds.

**The Republic's Default Under the DE0003527966 Offering Circular**

137.   Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0003527966 Offering Circular, the following, *inter alia*, are defined as "Events of Default":

(a) Non-Payment: the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or

\* \* \*

(d) Moratorium: a moratorium on the payment of principal of, or interest

22

on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina . . .

138.    Section 9 of the Terms and Conditions of the Bonds of the DE0003527966 Offering Circular further provides that following either of the foregoing Events of Default, a bondholder, *i.e.,* Plaintiffs, may give the Republic's Principal Paying Agent written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

139.    In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the DE0003527966 Offering Circular.

140.    Since then, the Republic has failed to make payments due on the DE0003527966 Bonds.

**The Republic's Default Under the DE0003538914 Offering Circular**

141.    Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0003538914 Offering Circular, the following, *inter alia*, are defined as "Events of Default":

> (a) Non-Payment:  the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> * * *
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina . . .

142.    Section 9 of the Terms and Conditions of the Bonds of the DE0003538914 Offering Circular further provides that following either of the foregoing Events of Default, a

bondholder, *i.e.,* Plaintiffs, may give the Republic's Principal Paying Agent written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

143.   In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the DE0003538914 Offering Circular.

144.   Since then, the Republic has failed to make payments due on the DE0003538914 Bonds.

**The Republic's Default Under the Trust Deed**

145.   Pursuant to Section 10.2 of the Trust Deed, the following, *inter alia*, is defined as "Proof of Default":

> (a) Non-Payment:  If it is proved that as regards any specified Note or Coupon the Republic has made default in paying any sum due to the relevant Noteholder such proof will (unless the contrary be proved) be sufficient evidence that it has made the same default as regards all other Notes or Coupons which are then Payable

146.   Pursuant to Section 10 of the Terms and Conditions of the Notes, the following, *inter alia*, is defined as "Events of Default":

> (a) Non-Payment:  the Republic fails to pay any principal (or Amortised Face Amount) of any of the Notes when due and payable or fails to pay any interest on any of the Notes when due and payable and such failure continues of a period of 30 days; or
>
> * * *
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

147.   Section 10 of the Terms and Conditions of the Notes further provides that following either of the foregoing Events of Default:

the Trustee at its discretion may in respect of Notes of any Series, or at the request of the holders of not less than 25 percent in aggregate principal amount of the Notes of such Series then outstanding, by notice in writing to the Republic shall, declare the principal amount (or Amortised Face Amount) of all the Notes of such Series to be due and payable immediately, and upon any such declaration the same shall become and shall be immediately due and payable...

148.    In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the Trust Deed.

149.    Since then, the Republic has failed to make payments due on the US04011NAL29 Bonds, the XS0089277825 Bonds, or the XS0105224470 Bonds.

**The Republic's Violation of the Equal Treatment Provisions**

150.    In 2005, the Republic restructured its debt by offering a bond exchange to all holders of non-performing external debt (the "2005 Exchange").

151.    The 2005 Prospectus for this Bond Exchange stated:

> *Existing defaulted bonds eligible for exchange that are not tendered may remain in default indefinitely. . . . The Government has announced that it has no intention of resuming payment on any bonds eligible to participate in [the] exchange offer. . . . that are not tendered or otherwise restructured as part of such transaction.* Consequently, if you elect not to tender your bonds in an exchange offer there can be no assurance that you will receive any future payments in respect to your bonds.

152.    Holders of approximately 25% of the Republic's non-performing bonds did not participate in the 2005 Exchange ("Non-tendering Bondholders").

153.    Plaintiffs did not participate in the 2005 Exchange.

154.    Bondholders who participated in the 2005 Exchange ("2005 Exchange Bondholders") received bonds (the "2005 Exchange Bonds") scheduled to pay semi-annual interest.

155.     The first interest payment on the 2005 Bonds was due and paid in 2005.

156.     The Republic paid all subsequent interest due on the 2005 Exchange Bonds until the payment that came due on June 30, 2014.  On June 26, 2014, the Republic attempted to initiate payment to certain holders of 2005 Exchange Bonds by transmitting funds to the Bank of New York Mellon ("BNY Melon") as trustee.  By reason of Orders issued by the Court, BNY Melon did not further transmit these funds to holders of the 2005 Exchange Bonds. *NML Capital, Ltd v. The Republic of Argentina*, No. 08 Civ. 6978(TPG ) (S.D.N.Y. Aug. 6, 2014) (ECF No. 633).

157.     Upon information and belief, the Republic intends to continue paying or attempting to pay interest on all 2005 Exchange Bonds as it becomes due.

158.     To facilitate the 2005 Bond Exchange, the Senate and Chamber of Deputies of the Argentine Nation passed Law 26,017 ("the Lock Law") on February 9, 2005. A true and correct copy of Law 26,017 and a certified translation are annexed hereto as **Exhibit B**.

159.     In its January 28, 2010 Prospectus, the Republic explained the purpose and effect of the Lock Law as follows:

> In an effort to reassure tendering Bondholders and increase the level of participation on the 2005 Debt Exchange, Congress subsequently passed Law 26,017, known as the "Lock Law." The Lock Law prohibited the Executive Branch from reopening the 2005 Debt Exchange without Congressional approval **and also prohibited any type of settlement involving untendered securities that were eligible to participate in the 2005 Debt Exchange . . . .**

160.     The assurances to tendering bondholders provided by Law 26,017 facilitated the Republic's completion of the 2005 Bond Exchange.

161.     Article 1 of Law 26,017 provided that Bonds not tendered in the 2005 Exchange would be subject to the following provisions:

a.      Article 2 – The national Executive Power may not, with respect to the bonds referred to in Article 1 of this law, reopen the swap process established in the aforementioned Decree No. 1735/04.

b.      Article 3 - The national State shall be prohibited from conducting any type of in-court, out-of-court or private settlement with respect to the bonds referred to in Article 1 of this law.

c.      Article 4 - The national Executive Power must – within the framework of the terms of issuance of the respective bonds, and the applicable laws and regulations in the corresponding jurisdictions – order the pertinent administrative acts and fulfill the necessary procedures to remove the bonds referred to in the preceding article from listing on all domestic and foreign securities markets and exchanges.

162.      The Republic violated the Equal Treatment provisions by lowering the rank of its payment obligations under Plaintiffs' bonds below that of other unsecured and unsubordinated External Indebtedness by relegating Plaintiffs' bonds to a non-paying class pursuant to Law 26,017.

163.      The Republic's courts have held that the Lock Law and the Republic's Moratorium on payment prevent them from recognizing and enforcing Non-tendering Bondholders' New York judgments.

164.      In 2009, in preparation for another bond exchange in 2010, the Senate and Chamber of Deputies of the Argentine Nation passed Law No. 26,547 which, among other things, suspended the Lock Law for purposes of the 2010 Exchange.  A true and correct copy of Law 26,547 and a certified translation are annexed hereto as **Exhibit C**.

165.      Law 26,547 provided:

a.      Article 1. The effect of Articles 2, 3, and 4 of Law No. 26,017 is suspended until 31 December 2010 or until the National Executive Branch, through the Ministry of Economy and Public Finance, declares that the process of restructuring the government bonds affected by the referenced regulation is completed, whichever occurs first.

b.    Article 3. The financial terms and conditions that are offered may not be equal to or better than those offered to creditors, in the debt restructuring established by Decree No. 1735/04.

c.    Article 5. ...
It is prohibited to offer the holders of government bonds who may have initiated judicial, administrative, arbitration or any other type of action, more favorable treatment than what is offered to those who have not done so.

166.    The prospectus for the Republic's 2010 Exchange stated:

Eligible Securities in default that are not exchanged pursuant to the Invitation may remain in default indefinitely. In light of its financial and legal constraints, *Argentina does not expect to resume payments on any eligible Securities in default that remain outstanding following the expiration of the Invitation.* Argentina has opposed vigorously, and intends to continue to oppose, attempts by holders who did not participate in its prior exchange offers to collect on its defaulted debt through . . . litigation . . . and other legal proceedings against Argentina. Argentina remains subject to significant legal constraints regarding its defaulted debt. . . .

Consequently, if you elect not to tender your Eligible Securities in default pursuant to the Invitation *there can be no assurance that you will receive any future payments or be able to collect through litigation in respect of your Eligible Securities in default.*

167.    Plaintiffs did not participate in the 2010 Exchange.

168.    The Republic violated the Equal Treatment provisions by relegating Plaintiffs' bonds to a non-paying class pursuant to Law 26,547.

169.    The Bonds issued in the 2010 Bond Exchange (the "2010 Exchange Bonds") began to pay semi-annual interest to those who participated in the Exchange (the "2010 Exchange Bondholders") in 2010.

170.    In 2010, the Republic began making semi-annual interest payments to holders of the 2010 Exchange Bonds.

28

171. The Republic paid all subsequent interest due on the 2010 Exchange Bonds until the payment that came due on June 30, 2014. On June 26, 2014, the Republic attempted to initiate payment to certain holders of 2010 Exchange Bonds by transmitting funds to BNY Melon as trustee. By reason of Orders issued by the Court, BNY Melon did not further transmit these funds to holders of the 2010 Exchange Bonds. *NML Capital, Ltd v. The Republic of Argentina*, No. 08 Civ. 6978(TPG ) (S.D.N.Y. Aug. 6, 2014) (ECF No. 633).

172. Upon information and belief, the Republic intends to continue paying or attempting to pay interest on all 2010 Exchange Bonds as it becomes due.

173. Upon information and belief, absent an Order of this Court, the Republic will continue to pay holders of the External Indebtedness – including the 2005 and 2010 Exchange Bondholders and holders of the BONAR 2024 Bonds – while paying nothing to Plaintiffs.

174. Plaintiffs and the other Non-tendering Bondholders have been damaged as a result of the Republic's violations and will continue to be damaged by the continuing violations of the Equal Treatment provisions.

175. NML Capital, Ltd. ("NML") and other pre-judgment holders of defaulted bonds issued pursuant to the Fiscal Agency Agreement, dated October 19, 1994 ("1994 FAA") sought specific performance of the Equal Treatment Provision of the 1994 FAA in three pre-judgment cases styled *NML Capital, Ltd v. The Republic of Argentina* Case Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG) (S.D.N.Y.) ("NML's pre-judgment actions").

176. In Orders issued in NML's three pre-judgment actions, this Court:

a. held that the Republic's actions, as described in paragraphs 150 through 174, *supra*, violated the Equal Treatment Provision of the 1994 FAA;

        b.      granted partial summary judgment to NML on its equal treatment claims;

        c.      held that NML had no adequate remedy at law and that, absent equitable relief, NML would suffer irreparable harm;

        d.      held that the equities strongly supported injunctive relief;

        e.      held that the Republic had the financial wherewithal to meet its payment obligations to NML in those cases; and

        f.      issued an Amended Order requiring the Republic to specifically perform its equal treatment obligations by making ratable payment to NML whenever it paid the 2005 and 2010 Exchange Bondholders the amounts due on their bonds.  A true and correct copy of this Court's December 7, 2011, February 23, 2012 and November 21, 2012 Orders are annexed hereto as **Exhibits D, E, and F**, respectively.

     177.    On February 23, 2012, this Court issued an injunction to remedy the Republic's continuing violations of the Equal Treatment Provision of the 1994 FAA, which required the Republic to pay NML ratably whenever it paid the 2005 or 2010 Exchange Bondholders pursuant to their bonds.

     178.    On October 26, 2012 the Second Circuit affirmed this Court's February 23, 2012 decision, but remanded the injunction for clarification.

     179.    The Republic petitioned for a Writ of Certiorari on the October 26, 2012 Second Circuit decision in the United States Supreme Court.  That petition was denied October 7, 2013.

     180.    On November 21, 2012, this Court amended the February 23, 2012 injunction.

181.    On August 23, 2013, the Second Circuit affirmed this Court's November 21, 2012 decision.

182.    The Republic subsequently petitioned for another Writ of Certiorari on the August 23, 2013 Second Circuit decision to the United States Supreme Court, which was also denied on June 16, 2014.

183.    In response to the orders of this Court, the Second Circuit Court of Appeals, and the United States Supreme Court in NML's pre-judgment cases, the Republic's officials, including President Kirchner, have frequently said that the Republic will never pay NML or any other similar bondholders such as Plaintiff.

184.    On June 16, 2014, President Kirchner declared in a televised address that the Republic would not "be subjected to such extortion," referring to the actions of NML and others, and this Court's Orders.

185.    On June 17, 2014, the Republic's Economy Minister Axel Kicillof announced the Republic's plan to swap the 2005 and 2010 Exchange Bonds for new bonds payable in the Republic.

186.    On June 20, 2014, the Court issued an Order ruling that Minister Kicillof's proposed bond swap was in violation of this Court's Orders.

187.    On June 26, 2014, the Republic transferred $832 million to banks that process Exchange Bond payments (including $539 million to the BNY Mellon), the trustee for some of the Exchange Bonds) in an attempt to pay the Exchange Bondholders without making a Ratable Payment as required under the Amended February 23 Orders.

188.    On August 6, 2014, this Court held that "the payment by Argentina to BNY . . . was illegal and a violation of the Amended February 23 Orders." The Court also

ordered BNY Mellon to hold the funds, and expressly prohibited the Republic from taking any "steps to interfere with BNY's retention" of the funds.

189.    On September 11, 2014, the Republic enacted Law 26,984, which purports to appoint Buenos Aires-based Nación Fideicomisos, SA in place of BNY Mellon and to change the payment location of the Exchange Bonds explicitly to evade the "illegitimate and illegal obstruction" created by "judicial orders issued by the Southern District Court of the City of New York."

190.    On September 29, 2014, this Court issued an Order holding the Republic in civil contempt; and on October 3, 2014, the Court issued an Amended and Supplemental Order regarding the Republic's civil contempt.  A true and correct copy of this Court's September 29, 2014 and October 3, 2014 Orders are annexed hereto as **Exhibits G and H**, respectively.

191.    Upon information and belief, in May 2014, the Republic began issuing BONAR 2024 Bonds, which, as with the 2005 and 2010 Exchange Bonds, are External Indebtedness.

192.    Upon information and belief, in December 2014, the Republic issued approximately $650 million additional BONAR 2024 bonds.

193.    Upon information and belief, in April 2015, the Republic sold over $1.4 billion principal amount of BONAR 2024 Bonds.

194.    Upon information and belief, since May 2014, in total the Republic has issued approximately $5.3 billion of BONAR 2024 Bonds, much of which was sold to international investors outside of the Republic.

195.    Upon information and belief, in violation of its obligations under the

Equal Treatment Provisions, the Republic made its first payment on the BONAR 2024 Bonds on November 7, 2014 and its second payment on May 7, 2015 while paying nothing to Plaintiffs.

196.    Upon information and belief, the Republic intends to make all payments due under the terms of the BONAR 2024 Bonds.

197.    Upon information and belief, the Republic intends to issue additional External Indebtedness in the future.

198.    Upon information and belief, the Republic intends to make all payments due under the terms of any other existing or future External Indebtedness.

199.    The Republic's issuance of the 2005 and 2010 Exchange Bonds, its payment of semi-annual interest to the holders of the bonds issued in the 2005 Bond Exchange and 2010 Bond Exchange, while paying nothing to Plaintiffs and other bondholders who did not participate in the Exchanges, violates the Equal Treatment provisions.

200.    Upon information and belief, in addition to the bonds issued in the 2005 and 2010 Exchanges and the BONAR 2024 Bonds, the Republic has issued other External Indebtedness, made payments on such External Indebtedness, and it will continue to make payments and issue more of such External Indebtedness.

201.    The Republic's issuance of and payments on the 2005 and 2010 Exchange Bonds, the BONAR 2024 Bonds, and other External Indebtedness constitute violations of the Equal Treatment provisions.

202.    To prevent further violations, Plaintiffs seek specific enforcement of the Equal Treatment provisions with respect to the 2005 and 2010 Exchange Bonds. Plaintiffs also seek specific enforcement of the Equal Treatment provisions with respect to the BONAR 2024 Bonds and with respect to all other External Indebtedness.

**FIRST CLAIM FOR RELIEF**
(For Breach of Contract on the DE0002466208 Bonds)

203.    CPENA, CPENA, CC1, CSSM, CCTC, CCSP, CDG, and CEM (together, the "DE0002466208 Plaintiffs") repeat and reallege the allegations set forth in paragraphs 1 through 202 herein.

204.    The DE0002466208 Bonds are Bonds under the terms of the DE0002466208 Offering Circular.

205.    Pursuant to Section 8 of the Terms and Conditions of the Bonds of the DE0002466208 Offering Circular, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the DE0002466208 Bonds entitling the DE0002466208 Plaintiffs to declare the principal amount of the DE0002466208 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

206.    On or about March 3, 2016, the DE0002466208 Plaintiffs advised the Republic, by written notice to the Republic's Principal Paying Agent, that they were declaring the entire principal amount of the DE0002466208 Bonds held by the DE0002466208 Plaintiffs, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 8 of the Terms and Conditions of the Bonds of the DE0002466208 Offering Circular.

207.    Despite the notice, the Republic has failed to make any payments of principal or interest on the DE0002466208 Bonds to the DE0002466208 Plaintiffs.

208.    By reason of the foregoing, the Republic has breached its contractual obligations to the DE0002466208 Plaintiffs, and the Republic is liable to the DE0002466208 Plaintiffs for damages in amount to be determined at trial, plus interest.

## SECOND CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment
Provision of the DE0002466208 Offering Circular and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

209.    DE0002466208 Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 208 herein.

210.    Pursuant to Section 7 of the Terms and Conditions of the Bonds annexed to the DE0002466208 Offering Circular (the "Equal Protection Provision of the DE0002466208 Offering Circular"), the Republic provided that the DE0002466208 Bonds would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Notes shall . . . at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

211.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to DE0002466208 Plaintiffs.

212.    The Republic has engaged in a course of conduct violative of the Equal Protection Provision of the DE0002466208 Offering Circular.

213.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by DE0002466208 Plaintiffs and other Non-tendering Bondholders in violation of the Equal Protection Provision of the DE0002466208 Offering Circular.

214.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by P DE0002466208 laintiffs and other Non-tendering Bondholders in violation of Equal Protection Provision of the

DE0002466208 Offering Circular.

215.    The bonds issued in the Exchanges are External Indebtedness.

216.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the DE0002466208 Offering Circular.

217.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to DE0002466208 Plaintiffs and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0002466208 Offering Circular.

218.    The Republic's past payment of interest to 2010 Bondholders, while paying nothing to DE0002466208 Plaintiffs and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0002466208 Offering Circular.

219.    The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to DE0002466208 Plaintiffs will be a continuing violation of the Equal Protection Provision of the DE0002466208 Offering Circular.

220.    The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to DE0002466208 Plaintiffs will be a continuing violation of the Equal Protection Provision of the DE0002466208 Offering Circular.

221.    Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Protection Provision of the DE0002466208 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay DE0002466208 Plaintiffs ratably whenever it pays interest to 2005 or 2010 Bondholders.

222.    In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders

who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the
> Republic's payment obligations on the bonds include its payment
> obligations to bondholders who have brought actions to recover on
> their defaulted bonds, and on judgments entered pursuant to
> judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

223.    Therefore, relief identical to that granted in the pre-judgment cases in

NML's pre-judgment actions is warranted in DE0002466208 Plaintiffs' pre-judgment and

summary judgment case.

224.    Remedies available at law are inadequate to compensate for such injury.

225.    DE0002466208 Plaintiffs have performed its part of the contract with the

Republic.

226.    The Republic is capable of performing its obligations pursuant to the

Equal Protection Provision of the DE0002466208 Offering Circular.

227.    The balance of the equities tips toward the issuance of an injunction.

228.    The public interest would not be disserved by a permanent injunction.

### THIRD CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0002466208 Offering
Circular and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

229.    DE0002466208 Plaintiffs repeat and reallege the allegations set forth in

paragraphs 1 through 228 herein.

230.    The Republic has engaged in a course of conduct violative of the Equal

Treatment Provision of the DE0002466208 Offering Circular.

231.    Through the issuance of the BONAR 2024 Bonds, the Republic issued a

new series of bonds with payment obligations that rank higher than those held by

DE0002466208 Plaintiffs and other Non-tendering Bondholders in violation of the Equal Treatment Provision of the DE0002466208 Offering Circular.

232. The BONAR 2024 Bonds are External Indebtedness. The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provision of the DE0002466208 Offering Circular.

233. The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to DE0002466208 Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0002466208 Offering Circular.

234. The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds without ratable payment to DE0002466208 Plaintiffs will be a continuing violation of the Equal Treatment Provision of the DE0002466208 Offering Circular.

235. DE0002466208 Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0002466208 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay DE0002466208 Plaintiffs ratably whenever it pays interest to the holders of the BONAR 2024 Bonds.

236. Remedies available at law are inadequate to compensate for such injury.

237. DE0002466208 Plaintiffs have performed its part of the contract with the Republic.

238. The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0002466208 Offering Circular.

239. The balance of the equities tips toward the issuance of an injunction.

240. The public interest would not be disserved by a permanent injunction.

## FOURTH CLAIM FOR RELIEF

(For Specific Enforcement of the Equal Treatment Provision of the DE0002466208 Offering Circular and for Injunctive Relief With Respect to All External Indebtedness)

241.    DE0002466208 Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 240 herein.

242.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0002466208 Offering Circular.

243.    Upon information and belief, the Republic has issued and will issue in the future External Indebtedness in violation of the Equal Treatment Provision of the DE0002466208 Offering Circular.

244.    The Republic's past payments to the holders of External Indebtedness, while paying nothing to DE0002466208 Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0002466208 Offering Circular.

245.    The Republic's continuing payments to the holders of External Indebtedness without ratable payment to DE0002466208 Plaintiffs, including External Indebtedness that upon information and belief the Republic will issue in the future, will be a continuing violation of the Equal Treatment Provision of the DE0002466208 Offering Circular.

246.    DE0002466208 Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0002466208 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay DE0002466208 Plaintiffs ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether

39

before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

247.    Remedies available at law are inadequate to compensate for such injury.

248.    DE0002466208 Plaintiffs have performed its part of the contract with the Republic.

249.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0002466208 Offering Circular.

250.    The balance of the equities tips toward the issuance of an injunction.

251.    The public interest would not be disserved by a permanent injunction.

### FIFTH CLAIM FOR RELIEF
(For Breach of Contract on the DE0002483203 Bonds)

252.    CPENA, CPENB, TCAB, CC1, CCTC, and CEM (together, the "DE0002483203 Plaintiffs") repeat and reallege the allegations set forth in paragraphs 1 through 251 herein.

253.    The DE0002483203 Bonds are Bonds under the terms of the DE0002483203 Offering Circular.

254.    Pursuant to Section 10 of the Terms and Conditions of the Bonds of the DE0002483203 Offering Circular, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the DE0002483203 Bonds entitling the DE0002483203 Plaintiffs to declare the principal amount of the DE0002483203 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

255.    On or about March 3, 2016, the DE0002483203 Plaintiffs advised the Republic, by written notice to the Republic's Principal Paying Agent, that they were declaring the entire principal amount of the DE0002483203 Bonds held by the DE0002483203 Plaintiffs,

together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 10 of the Terms and Conditions of the Bonds of the DE0002483203 Offering Circular.

256.    Despite the notice, the Republic has failed to make any payments of principal or interest on the DE0002483203 Bonds to the DE0002483203 Plaintiffs.

257.    By reason of the foregoing, the Republic has breached its contractual obligations to the DE0002483203 Plaintiffs, and the Republic is liable to the DE0002483203 Plaintiffs for damages in amount to be determined at trial, plus interest.

## SIXTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment
Provision of the DE0002483203 Offering Circular and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

258.    DE0002483203 Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 257 herein.

259.    Pursuant to Section 9 of the Terms and Conditions of the Bonds annexed to the DE0002483203 Offering Circular (the "Equal Protection Provision of the DE0002483203 Offering Circular"), the Republic provided that the DE0002483203 Bonds would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

260.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to DE0002483203 Plaintiffs.

261.    The Republic has engaged in a course of conduct violative of the Equal

41

Protection Provision of the DE0002483203 Offering Circular.

262.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by DE0002483203 Plaintiffs and other Non-tendering Bondholders in violation of the Equal Protection Provision of the DE0002483203 Offering Circular.

263.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by DE0002483203 Plaintiffs and other Non-tendering Bondholders in violation of Equal Protection Provision of the DE0002483203 Offering Circular.

264.    The bonds issued in the Exchanges are External Indebtedness.

265.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the DE0002483203 Offering Circular.

266.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiffs and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0002483203 Offering Circular.

267.    The Republic's past payment of interest to 2010 Bondholders, while paying nothing to DE0002483203 Plaintiffs and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0002483203 Offering Circular.

268.    The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to DE0002483203 Plaintiffs will be a continuing violation of the Equal Protection Provision of the DE0002483203 Offering Circular.

269.    The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to DE0002483203 Plaintiffs will be a continuing violation of the Equal

Protection Provision of the DE0002483203 Offering Circular.

270.   DE0002483203 Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Protection Provision of the DE0002483203 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay DE0002483203 Plaintiffs ratably whenever it pays interest to 2005 or 2010 Bondholders.

271.   In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

272.   Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in DE0002483203 Plaintiffs' pre-judgment and summary judgment case.

273.   Remedies available at law are inadequate to compensate for such injury.

274.   DE0002483203 Plaintiffs have performed its part of the contract with the Republic.

275.   The Republic is capable of performing its obligations pursuant to the Equal Protection Provision of the DE0002483203 Offering Circular.

276.   The balance of the equities tips toward the issuance of an injunction.

277.   The public interest would not be disserved by a permanent injunction.

## SEVENTH CLAIM FOR RELIEF

(For Specific Enforcement of the Equal Treatment Provision of the DE0002483203 Offering
Circular and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

278.     DE0002483203 Plaintiffs repeat and reallege the allegations set forth in
paragraphs 1 through 277 herein.

279.     The Republic has engaged in a course of conduct violative of the Equal
Treatment Provision of the DE0002483203 Offering Circular.

280.     Through the issuance of the BONAR 2024 Bonds, the Republic issued a
new series of bonds with payment obligations that rank higher than those held by
DE0002483203 Plaintiffs and other Non-tendering Bondholders in violation of the Equal
Treatment Provision of the DE0002483203 Offering Circular.

281.     The BONAR 2024 Bonds are External Indebtedness.  The issuance of the
BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the
Equal Treatment Provision of the DE0002483203 Offering Circular.

282.     The Republic's past payment of interest to the holders of the BONAR
2024 Bonds, while paying nothing to DE0002483203 Plaintiffs and other Non-tendering
Bondholders, violated the Equal Treatment Provision of the DE0002483203 Offering Circular.

283.     The Republic's continuing payments of interest to the holders of the
BONAR 2024 Bonds without ratable payment to DE0002483203 Plaintiffs will be a continuing
violation of the Equal Treatment Provision of the DE0002483203 Offering Circular.

284.     DE0002483203 Plaintiffs have suffered irreparable injury from the
Republic's violation of the Equal Treatment Provision of the DE0002483203 Offering Circular
and will continue to suffer such injury unless this Court specifically enforces that Provision with
a mandatory injunction requiring the Republic to pay DE0002483203 Plaintiffs ratably whenever

it pays interest to the holders of the BONAR 2024 Bonds.

285.    Remedies available at law are inadequate to compensate for such injury.

286.    DE0002483203 Plaintiffs have performed its part of the contract with the Republic.

287.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0002483203 Offering Circular.

288.    The balance of the equities tips toward the issuance of an injunction.

289.    The public interest would not be disserved by a permanent injunction.

### EIGHTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0002483203 Offering Circular and for Injunctive Relief With Respect to All External Indebtedness)

290.    DE0002483203 Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 289 herein.

291.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0002483203 Offering Circular.

292.    Upon information and belief, the Republic has issued and will issue in the future External Indebtedness in violation of the Equal Treatment Provision of the DE0002483203 Offering Circular.

293.    The Republic's past payments to the holders of External Indebtedness, while paying nothing to DE0002483203 Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0002483203 Offering Circular.

294.    The Republic's continuing payments to the holders of External Indebtedness without ratable payment to DE0002483203 Plaintiffs, including External Indebtedness that upon information and belief the Republic will issue in the future, will be a

continuing violation of the Equal Treatment Provision of the DE0002483203 Offering Circular.

295.   DE0002483203 Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0002483203 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay DE0002483203 Plaintiffs ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

296.   Remedies available at law are inadequate to compensate for such injury.

297.   DE0002483203 Plaintiffs have performed its part of the contract with the Republic.

298.   The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0002483203 Offering Circular.

299.   The balance of the equities tips toward the issuance of an injunction.

300.   The public interest would not be disserved by a permanent injunction.

### NINTH CLAIM FOR RELIEF
(For Breach of Contract on the DE0002923851 Bonds)

301.   CPENA, CPENB, TCAB, CC1, CCTC, and CEM (together, the "DE0002923851 Plaintiffs") repeat and reallege the allegations set forth in paragraphs 1 through 300 herein.

302.   The DE0002923851 Bonds are Bonds under the terms of the DE0002923851 Offering Circular.

46

303.    Pursuant to Section 9 of the Terms and Conditions of the Bonds of the
DE0002923851 Offering Circular, the declaration of a moratorium and the nonpayment of
interest constitute Events of Default on the DE0002923851 Bonds entitling the DE0002923851
Plaintiffs to declare the principal amount of the DE0002923851 Bonds it holds, together with
any accrued and unpaid interest, to be due and payable immediately.

304.    On or about March 3, 2016, the DE0002923851 Plaintiffs advised the
Republic, by written notice to the Republic's Principal Paying Agent, that they were declaring
the entire principal amount of the DE0002923851 Bonds held by the DE0002923851 Plaintiffs,
together with any accrued and unpaid interest, to be immediately due and payable pursuant to
Section 9 of the Terms and Conditions of the Bonds of the DE0002923851 Offering Circular.

305.    Despite the notice, the Republic has failed to make any payments of
principal or interest on the DE0002923851 Bonds to the DE0002923851 Plaintiffs.

306.    By reason of the foregoing, the Republic has breached its contractual
obligations to the DE0002923851 Plaintiffs, and the Republic is liable to the DE0002923851
Plaintiffs for damages in amount to be determined at trial, plus interest.

### TENTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment
Provision of the DE0002923851 Offering Circular and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

307.    DE0002923851 Plaintiffs repeat and reallege the allegations set forth in
paragraphs 1 through 306 herein.

308.    Pursuant to Section 8 of the Terms and Conditions of the Bonds annexed
to the DE0002923851 Offering Circular (the "Equal Protection Provision of the DE0002923851
Offering Circular"), the Republic provided that the DE0002923851 Bonds would constitute
"direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all

times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

309.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to DE0002923851 Plaintiffs.

310.    The Republic has engaged in a course of conduct violative of the Equal Protection Provision of the DE0002923851 Offering Circular.

311.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by DE0002923851 Plaintiffs and other Non-tendering Bondholders in violation of the Equal Protection Provision of the DE0002923851 Offering Circular.

312.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by DE0002923851 Plaintiffs and other Non-tendering Bondholders in violation of Equal Protection Provision of the DE0002923851 Offering Circular.

313.    The bonds issued in the Exchanges are External Indebtedness.

314.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the DE0002923851 Offering Circular.

315.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to DE0002923851 Plaintiffs and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0002923851 Offering Circular.

48

316.   The Republic's past payment of interest to 2010 Bondholders, while paying nothing to DE0002923851 Plaintiffs and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0002923851 Offering Circular.

317.   The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to DE0002923851 Plaintiffs will be a continuing violation of the Equal Protection Provision of the DE0002923851 Offering Circular.

318.   The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to DE0002923851 Plaintiffs will be a continuing violation of the Equal Protection Provision of the DE0002923851 Offering Circular.

319.   DE0002923851 Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Protection Provision of the DE0002923851 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay DE0002923851 Plaintiffs ratably whenever it pays interest to 2005 or 2010 Bondholders.

320.   In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

321.   Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in DE0002923851 Plaintiffs' pre-judgment and

summary judgment case.

322. Remedies available at law are inadequate to compensate for such injury.

323. DE0002923851 Plaintiffs have performed its part of the contract with the Republic.

324. The Republic is capable of performing its obligations pursuant to the Equal Protection Provision of the DE0002923851 Offering Circular.

325. The balance of the equities tips toward the issuance of an injunction.

326. The public interest would not be disserved by a permanent injunction.

## ELEVENTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0002923851 Offering Circular and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

327. DE0002923851 Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 326 herein.

328. The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0002923851 Offering Circular.

329. Through the issuance of the BONAR 2024 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by DE0002923851 Plaintiffs and other Non-tendering Bondholders in violation of the Equal Treatment Provision of the DE0002923851 Offering Circular.

330. The BONAR 2024 Bonds are External Indebtedness. The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provision of the DE0002923851 Offering Circular.

331. The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to DE0002923851 Plaintiffs and other Non-tendering

Bondholders, violated the Equal Treatment Provision of the DE0002923851 Offering Circular.

332.    The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds without ratable payment to DE0002923851 Plaintiffs will be a continuing violation of the Equal Treatment Provision of the DE0002923851 Offering Circular.

333.    DE0002923851 Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0002923851 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiffs ratably whenever it pays interest to the holders of the BONAR 2024 Bonds.

334.    Remedies available at law are inadequate to compensate for such injury.

335.    DE0002923851 Plaintiffs have performed its part of the contract with the Republic.

336.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0002923851 Offering Circular.

337.    The balance of the equities tips toward the issuance of an injunction.

338.    The public interest would not be disserved by a permanent injunction.

## TWELFTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0002923851 Offering Circular and for Injunctive Relief With Respect to All External Indebtedness)

339.    DE0002923851 Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 338 herein.

340.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0002923851 Offering Circular.

341.    Upon information and belief, the Republic has issued and will issue in the

future External Indebtedness in violation of the Equal Treatment Provision of the DE0002923851 Offering Circular.

342. The Republic's past payments to the holders of External Indebtedness, while paying nothing to DE0002923851 Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0002923851 Offering Circular.

343. The Republic's continuing payments to the holders of External Indebtedness without ratable payment to DE0002923851 Plaintiffs, including External Indebtedness that upon information and belief the Republic will issue in the future, will be a continuing violation of the Equal Treatment Provision of the DE0002923851 Offering Circular.

344. DE0002923851 Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0002923851 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay DE0002923851 Plaintiffs ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

345. Remedies available at law are inadequate to compensate for such injury.

346. DE0002923851 Plaintiffs have performed its part of the contract with the Republic.

347. The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0002923851 Offering Circular.

348.    The balance of the equities tips toward the issuance of an injunction.

349.    The public interest would not be disserved by a permanent injunction.

### THIRTEENTH CLAIM FOR RELIEF
(For Breach of Contract on the DE0002966900 Bonds)

350.    CPENA, TCAB, CC1, CCTC, and CEM (together, the "DE0002966900 Plaintiffs") repeat and reallege the allegations set forth in paragraphs 1 through 349 herein.

351.    The DE0002966900 Bonds are Bonds under the terms of the DE0002966900 Offering Circular.

352.    Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0002966900 Offering Circular, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the DE0002966900 Bonds entitling the DE0002966900 Plaintiffs to declare the principal amount of the DE0002966900 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

353.    On or about March 3, 2016, the DE0002966900 Plaintiffs advised the Republic, by written notice to the Republic's Principal Paying Agent, that they were declaring the entire principal amount of the DE0002966900 Bonds held by the DE0002966900 Plaintiffs, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0002966900 Offering Circular.

354.    Despite the notice, the Republic has failed to make any payments of principal or interest on the DE0002966900 Bonds to the DE0002966900 Plaintiffs.

355.    By reason of the foregoing, the Republic has breached its contractual obligations to the DE0002966900 Plaintiffs, and the Republic is liable to the DE0002966900 Plaintiffs for damages in amount to be determined at trial, plus interest.

## FOURTEENTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment
Provision of the DE0002966900 Offering Circular and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

356.    DE0002966900 Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 355 herein.

357.    Pursuant to Section 8 of the Terms and Conditions of the Bonds annexed to the DE0002966900 Offering Circular (the "Equal Protection Provision of the DE0002966900 Offering Circular"), the Republic provided that the DE0002966900 Bonds would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

358.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Plaintiffs.

359.    The Republic has engaged in a course of conduct violative of the Equal Protection Provision of the DE0002966900 Offering Circular.

360.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by DE0002966900 Plaintiffs and other Non-tendering Bondholders in violation of the Equal Protection Provision of the DE0002966900 Offering Circular.

361.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by DE0002966900 Plaintiffs and other Non-tendering Bondholders in violation of Equal Protection Provision of the

DE0002966900 Offering Circular.

362.    The bonds issued in the Exchanges are External Indebtedness.

363.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the DE0002966900 Offering Circular.

364.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to DE0002966900 Plaintiffs and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0002966900 Offering Circular.

365.    The Republic's past payment of interest to 2010 Bondholders, while paying nothing to DE0002966900 Plaintiffs and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0002966900 Offering Circular.

366.    The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to DE0002966900 Plaintiffs will be a continuing violation of the Equal Protection Provision of the DE0002966900 Offering Circular.

367.    The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to DE0002966900 Plaintiffs will be a continuing violation of the Equal Protection Provision of the DE0002966900 Offering Circular.

368.    DE0002966900 Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Protection Provision of the DE0002966900 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay DE0002966900 Plaintiffs ratably whenever it pays interest to 2005 or 2010 Bondholders.

369.    In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders

who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

370.     Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in DE0002966900 Plaintiffs' pre-judgment and summary judgment case.

371.     Remedies available at law are inadequate to compensate for such injury.

372.     DE0002966900 Plaintiffs have performed its part of the contract with the Republic.

373.     The Republic is capable of performing its obligations pursuant to the Equal Protection Provision of the DE0002966900 Offering Circular.

374.     The balance of the equities tips toward the issuance of an injunction.

375.     The public interest would not be disserved by a permanent injunction.

### FIFTEENTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0002966900 Offering Circular and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

376.     DE0002966900 Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 375 herein.

377.     The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0002966900 Offering Circular.

378.     Through the issuance of the BONAR 2024 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by

DE0002966900 Plaintiffs and other Non-tendering Bondholders in violation of the Equal Treatment Provision of the DE0002966900 Offering Circular.

379.     The BONAR 2024 Bonds are External Indebtedness.  The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provision of the DE0002966900 Offering Circular.

380.     The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to DE0002966900 Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0002966900 Offering Circular.

381.     The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds without ratable payment to DE0002966900 Plaintiffs will be a continuing violation of the Equal Treatment Provision of the DE0002966900 Offering Circular.

382.     DE0002966900 Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0002966900 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay DE0002966900 Plaintiffs ratably whenever it pays interest to the holders of the BONAR 2024 Bonds.

383.     Remedies available at law are inadequate to compensate for such injury.

384.     DE0002966900 Plaintiffs have performed its part of the contract with the Republic.

385.     The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0002966900 Offering Circular.

386.     The balance of the equities tips toward the issuance of an injunction.

387.     The public interest would not be disserved by a permanent injunction.

## SIXTEENTH CLAIM FOR RELIEF

(For Specific Enforcement of the Equal Treatment Provision of the DE0002966900 Offering
Circular and for Injunctive Relief With Respect to All External Indebtedness)

388. DE0002966900 Plaintiffs repeat and reallege the allegations set forth in

paragraphs 1 through 387 herein.

389. The Republic has engaged in a course of conduct violative of the Equal

Treatment Provision of the DE0002966900 Offering Circular.

390. Upon information and belief, the Republic has issued and will issue in the

future External Indebtedness in violation of the Equal Treatment Provision of the

DE0002966900 Offering Circular.

391. The Republic's past payments to the holders of External Indebtedness,

while paying nothing to DE0002966900 Plaintiffs and other Non-tendering Bondholders,

violated the Equal Treatment Provision of the DE0002966900 Offering Circular.

392. The Republic's continuing payments to the holders of External

Indebtedness without ratable payment to DE0002966900 Plaintiffs, including External

Indebtedness that upon information and belief the Republic will issue in the future, will be a

continuing violation of the Equal Treatment Provision of the DE0002966900 Offering Circular.

393. DE0002966900 Plaintiffs have suffered irreparable injury from the

Republic's violation of the Equal Treatment Provision of the DE0002966900 Offering Circular

and will continue to suffer such injury unless this Court specifically enforces that Provision with

a mandatory injunction requiring the Republic to pay DE0002966900 Plaintiffs ratably whenever

it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds

with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or

holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether

before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

394.    Remedies available at law are inadequate to compensate for such injury.

395.    DE0002966900 Plaintiffs have performed its part of the contract with the Republic.

396.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0002966900 Offering Circular.

397.    The balance of the equities tips toward the issuance of an injunction.

398.    The public interest would not be disserved by a permanent injunction.

**SEVENTEENTH CLAIM FOR RELIEF**
(For Breach of Contract on the DE0003089850 Bonds)

399.    CPENA, CPENB, CC1, CSSM, CCTC, CCSP, CDG, and CEM (together, the "DE0003089850 Plaintiffs") repeat and reallege the allegations set forth in paragraphs 1 through 398 herein.

400.    The DE0003089850 Bonds are Bonds under the terms of the DE0003089850 Offering Circular.

401.    Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0003089850 Offering Circular, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the DE0003089850 Bonds entitling the DE0003089850 Plaintiffs to declare the principal amount of the DE0003089850 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

402.    On or about March 3, 2016, the DE0003089850 Plaintiffs advised the Republic, by written notice to the Republic's Principal Paying Agent, that they were declaring the entire principal amount of the DE0003089850 Bonds held by the DE0003089850 Plaintiffs,

together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0003089850 Offering Circular.

403.    Despite the notice, the Republic has failed to make any payments of principal or interest on the DE0003089850 Bonds to the DE0003089850 Plaintiffs.

404.    By reason of the foregoing, the Republic has breached its contractual obligations to the DE0003089850 Plaintiffs, and the Republic is liable to the DE0003089850 Plaintiffs for damages in amount to be determined at trial, plus interest.

**EIGHTEENTH CLAIM FOR RELIEF**
(For Specific Enforcement of the Equal Treatment
Provision of the DE0003089850 Offering Circular and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

405.    DE0003089850 Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 404 herein.

406.    Pursuant to Section 8 of the Terms and Conditions of the Bonds annexed to the DE0003089850 Offering Circular (the "Equal Protection Provision of the DE0003089850 Offering Circular"), the Republic provided that the DE0003089850 Bonds would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds shall . . . at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

407.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to DE0003089850 Plaintiffs.

408.    The Republic has engaged in a course of conduct violative of the Equal Protection Provision of the DE0003089850 Offering Circular.

60

409.     Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by DE0003089850 Plaintiffs and other Non-tendering Bondholders in violation of the Equal Protection Provision of the DE0003089850 Offering Circular.

410.     Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by DE0003089850 Plaintiffs and other Non-tendering Bondholders in violation of Equal Protection Provision of the DE0003089850 Offering Circular.

411.     The bonds issued in the Exchanges are External Indebtedness.

412.     The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the DE0003089850 Offering Circular.

413.     The Republic's past payment of interest to 2005 Bondholders, while paying nothing to DE0003089850 Plaintiffs and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0003089850 Offering Circular.

414.     The Republic's past payment of interest to 2010 Bondholders, while paying nothing to DE0003089850 Plaintiffs and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0003089850 Offering Circular.

415.     The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to DE0003089850 Plaintiffs will be a continuing violation of the Equal Protection Provision of the DE0003089850 Offering Circular.

416.     The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to DE0003089850 Plaintiffs will be a continuing violation of the Equal Protection Provision of the DE0003089850 Offering Circular.

417.   DE0003089850 Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Protection Provision of the DE0003089850 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiffs ratably whenever it pays interest to 2005 or 2010 Bondholders.

418.   In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

419.   Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in DE0003089850 Plaintiffs' pre-judgment and summary judgment case.

420.   Remedies available at law are inadequate to compensate for such injury.

421.   DE0003089850 Plaintiffs have performed its part of the contract with the Republic.

422.   The Republic is capable of performing its obligations pursuant to the Equal Protection Provision of the DE0003089850 Offering Circular.

423.   The balance of the equities tips toward the issuance of an injunction.

424.   The public interest would not be disserved by a permanent injunction.

## NINETEENTH CLAIM FOR RELIEF

(For Specific Enforcement of the Equal Treatment Provision of the DE0003089850 Offering
Circular and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

425.    DE0003089850 Plaintiffs repeat and reallege the allegations set forth in
paragraphs 1 through 424 herein.

426.    The Republic has engaged in a course of conduct violative of the Equal
Treatment Provision of the DE0003089850 Offering Circular.

427.    Through the issuance of the BONAR 2024 Bonds, the Republic issued a
new series of bonds with payment obligations that rank higher than those held by
DE0003089850 Plaintiffs and other Non-tendering Bondholders in violation of the Equal
Treatment Provision of the DE0003089850 Offering Circular.

428.    The BONAR 2024 Bonds are External Indebtedness.  The issuance of the
BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the
Equal Treatment Provision of the DE0003089850 Offering Circular.

429.    The Republic's past payment of interest to the holders of the BONAR
2024 Bonds, while paying nothing to DE0003089850 Plaintiffs and other Non-tendering
Bondholders, violated the Equal Treatment Provision of the DE0003089850 Offering Circular.

430.    The Republic's continuing payments of interest to the holders of the
BONAR 2024 Bonds without ratable payment to DE0003089850 Plaintiffs will be a continuing
violation of the Equal Treatment Provision of the DE0003089850 Offering Circular.

431.    DE0003089850 Plaintiffs have suffered irreparable injury from the
Republic's violation of the Equal Treatment Provision of the DE0003089850 Offering Circular
and will continue to suffer such injury unless this Court specifically enforces that Provision with
a mandatory injunction requiring the Republic to pay DE0003089850 Plaintiffs ratably whenever

it pays interest to the holders of the BONAR 2024 Bonds.

432.   Remedies available at law are inadequate to compensate for such injury.

433.   DE0003089850 Plaintiffs have performed its part of the contract with the Republic.

434.   The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0003089850 Offering Circular.

435.   The balance of the equities tips toward the issuance of an injunction.

436.   The public interest would not be disserved by a permanent injunction.

### TWENTIETH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0003089850 Offering Circular and for Injunctive Relief With Respect to All External Indebtedness)

437.   DE0003089850 Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 436 herein.

438.   The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0003089850 Offering Circular.

439.   Upon information and belief, the Republic has issued and will issue in the future External Indebtedness in violation of the Equal Treatment Provision of the DE0003089850 Offering Circular.

440.   The Republic's past payments to the holders of External Indebtedness, while paying nothing to DE0003089850 Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0003089850 Offering Circular.

441.   The Republic's continuing payments to the holders of External Indebtedness without ratable payment to DE0003089850 Plaintiffs, including External Indebtedness that upon information and belief the Republic will issue in the future, will be a

continuing violation of the Equal Treatment Provision of the DE0003089850 Offering Circular.

442.    Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0003089850 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay DE0003089850 Plaintiffs ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

443.    Remedies available at law are inadequate to compensate for such injury.

444.    DE0003089850 Plaintiffs have performed its part of the contract with the Republic.

445.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0003089850 Offering Circular.

446.    The balance of the equities tips toward the issuance of an injunction.

447.    The public interest would not be disserved by a permanent injunction.

### TWENTY-FIRST CLAIM FOR RELIEF
(For Breach of Contract on the DE0003527966 Bonds)

448.    CPENA, CPENB, CC1, CSSM, CCTC, CCSP, CDG, and CEM (together, the "DE0003527966 Plaintiffs") repeat and reallege the allegations set forth in paragraphs 1 through 447 herein.

449.    The DE0003527966 Bonds are Bonds under the terms of the DE0003527966 Offering Circular.

450.     Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0003527966 Offering Circular, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the DE0003527966 Bonds entitling the DE0003527966 Plaintiffs to declare the principal amount of the DE0003527966 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

451.     On or about March 3, 2016, the DE0003527966 Plaintiffs advised the Republic, by written notice to the Republic's Principal Paying Agent, that they were declaring the entire principal amount of the DE0003527966 Bonds held by the DE0003527966 Plaintiffs, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0003527966 Offering Circular.

452.     Despite the notice, the Republic has failed to make any payments of principal or interest on the DE0003527966 Bonds to the DE0003527966 Plaintiffs.

453.     By reason of the foregoing, the Republic has breached its contractual obligations to the DE0003527966 Plaintiffs, and the Republic is liable to the DE0003527966 Plaintiffs for damages in amount to be determined at trial, plus interest.

### TWENTY-SECOND CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment
Provision of the DE0003527966 Offering Circular and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

454.     DE0003527966 Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 453 herein.

455.     Pursuant to Section 8 of the Terms and Conditions of the Bonds annexed to the DE0003527966 Offering Circular (the "Equal Protection Provision of the DE0003527966 Offering Circular"), the Republic provided that the DE0003527966 Bonds would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all

times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds shall . . . at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

456.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to DE0003527966 Plaintiffs.

457.    The Republic has engaged in a course of conduct violative of the Equal Protection Provision of the DE0003527966 Offering Circular.

458.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by DE0003527966 Plaintiffs and other Non-tendering Bondholders in violation of the Equal Protection Provision of the DE0003527966 Offering Circular.

459.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by DE0003527966 Plaintiffs and other Non-tendering Bondholders in violation of Equal Protection Provision of the DE0003527966 Offering Circular.

460.    The bonds issued in the Exchanges are External Indebtedness.

461.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the DE0003527966 Offering Circular.

462.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to DE0003527966 Plaintiffs and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0003527966 Offering Circular.

463.    The Republic's past payment of interest to 2010 Bondholders, while

paying nothing to DE0003527966 Plaintiffs and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0003527966 Offering Circular.

464. The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to DE0003527966 Plaintiffs will be a continuing violation of the Equal Protection Provision of the DE0003527966 Offering Circular.

465. The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to DE0003527966 Plaintiffs will be a continuing violation of the Equal Protection Provision of the DE0003527966 Offering Circular.

466. DE0003527966 Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Protection Provision of the DE0003527966 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay DE0003527966 Plaintiffs ratably whenever it pays interest to 2005 or 2010 Bondholders.

467. In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

468. Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in DE0003527966 Plaintiffs' pre-judgment and summary judgment case.

469.    Remedies available at law are inadequate to compensate for such injury.

470.    DE0003527966 Plaintiffs have performed its part of the contract with the Republic.

471.    The Republic is capable of performing its obligations pursuant to the Equal Protection Provision of the DE0003527966 Offering Circular.

472.    The balance of the equities tips toward the issuance of an injunction.

473.    The public interest would not be disserved by a permanent injunction.

### TWENTY-THIRD CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0003527966 Offering Circular and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

474.    DE0003527966 Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 473 herein.

475.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0003527966 Offering Circular.

476.    Through the issuance of the BONAR 2024 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by DE0003527966 Plaintiffs and other Non-tendering Bondholders in violation of the Equal Treatment Provision of the DE0003527966 Offering Circular.

477.    The BONAR 2024 Bonds are External Indebtedness. The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provision of the DE0003527966 Offering Circular.

478.    The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to DE0003527966 Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0003527966 Offering Circular.

479.     The Republic's continuing payments of interest to the holders of the
BONAR 2024 Bonds without ratable payment to DE0003527966 Plaintiffs will be a continuing
violation of the Equal Treatment Provision of the DE0003527966 Offering Circular.

480.     DE0003527966 Plaintiffs have suffered irreparable injury from the
Republic's violation of the Equal Treatment Provision of the DE0003527966 Offering Circular
and will continue to suffer such injury unless this Court specifically enforces that Provision with
a mandatory injunction requiring the Republic to pay DE0003527966 Plaintiffs ratably whenever
it pays interest to the holders of the BONAR 2024 Bonds.

481.     Remedies available at law are inadequate to compensate for such injury.

482.     DE0003527966 Plaintiffs have performed its part of the contract with the
Republic.

483.     The Republic is capable of performing its obligations pursuant to the
Equal Treatment Provision of the DE0003527966 Offering Circular.

484.     The balance of the equities tips toward the issuance of an injunction.

485.     The public interest would not be disserved by a permanent injunction.

### TWENTY-FOURTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0003527966 Offering
Circular and for Injunctive Relief With Respect to All External Indebtedness)

486.     DE0003527966 Plaintiffs repeat and reallege the allegations set forth in
paragraphs 1 through 485 herein.

487.     The Republic has engaged in a course of conduct violative of the Equal
Treatment Provision of the DE0003527966 Offering Circular.

488.     Upon information and belief, the Republic has issued and will issue in the
future External Indebtedness in violation of the Equal Treatment Provision of the

DE0003527966 Offering Circular.

489.    The Republic's past payments to the holders of External Indebtedness, while paying nothing to DE0003527966 Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0003527966 Offering Circular.

490.    The Republic's continuing payments to the holders of External Indebtedness without ratable payment to DE0003527966 Plaintiffs, including External Indebtedness that upon information and belief the Republic will issue in the future, will be a continuing violation of the Equal Treatment Provision of the DE0003527966 Offering Circular.

491.    DE0003527966 Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0003527966 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay DE0003527966 Plaintiffs ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

492.    Remedies available at law are inadequate to compensate for such injury.

493.    DE0003527966 Plaintiffs have performed its part of the contract with the Republic.

494.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0003527966 Offering Circular.

495.    The balance of the equities tips toward the issuance of an injunction.

496.    The public interest would not be disserved by a permanent injunction.

## TWENTY-FIVE CLAIM FOR RELIEF
(For Breach of Contract on the DE0003538914 Bonds)

497.    CPENA, CPENB, TCAB, CC1, CSSM, CCTC, CCSP, CDG, and CEM (together, the "DE0003538914 Plaintiffs") repeat and reallege the allegations set forth in paragraphs 1 through 496 herein.

498.    The DE0003538914 Bonds are Bonds under the terms of the DE0003538914 Offering Circular.

499.    Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0003538914 Offering Circular, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the DE0003538914 Bonds entitling the DE0003538914 Plaintiffs to declare the principal amount of the DE0003538914 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

500.    On or about March 3, 2016, the DE0003538914 Plaintiffs advised the Republic, by written notice to the Republic's Principal Paying Agent, that they were declaring the entire principal amount of the DE0003538914 Bonds held by the DE0003538914 Plaintiffs, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0003538914 Offering Circular.

501.    Despite the notice, the Republic has failed to make any payments of principal or interest on the DE0003538914 Bonds to the DE0003538914 Plaintiffs.

502.    By reason of the foregoing, the Republic has breached its contractual obligations to the DE0003538914 Plaintiffs, and the Republic is liable to the DE0003538914 Plaintiffs for damages in amount to be determined at trial, plus interest.

## TWENTY-SIX CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment
Provision of the DE0003538914 Offering Circular and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

503.    DE0003538914 Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 502 herein.

504.    Pursuant to Section 8 of the Terms and Conditions of the Bonds annexed to the DE0003538914 Offering Circular (the "Equal Protection Provision of the DE0003538914 Offering Circular"), the Republic provided that the DE0003538914 Bonds would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds shall . . . at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

505.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to DE0003538914 Plaintiffs.

506.    The Republic has engaged in a course of conduct violative of the Equal Protection Provision of the DE0003538914 Offering Circular.

507.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by DE0003538914 Plaintiffs and other Non-tendering Bondholders in violation of the Equal Protection Provision of the DE0003538914 Offering Circular.

508.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by DE0003538914 Plaintiffs and other Non-tendering Bondholders in violation of Equal Protection Provision of the

73

DE0003538914 Offering Circular.

509.    The bonds issued in the Exchanges are External Indebtedness.

510.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the DE0003538914 Offering Circular.

511.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to DE0003538914 Plaintiffs and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0003538914 Offering Circular.

512.    The Republic's past payment of interest to 2010 Bondholders, while paying nothing to DE0003538914 Plaintiffs and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0003538914 Offering Circular.

513.    The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to DE0003538914 Plaintiffs will be a continuing violation of the Equal Protection Provision of the DE0003538914 Offering Circular.

514.    The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to DE0003538914 Plaintiffs will be a continuing violation of the Equal Protection Provision of the DE0003538914 Offering Circular.

515.    DE0003538914 Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Protection Provision of the DE0003538914 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay DE0003538914 Plaintiffs ratably whenever it pays interest to 2005 or 2010 Bondholders.

516.    In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders

74

who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the
> Republic's payment obligations on the bonds include its payment
> obligations to bondholders who have brought actions to recover on
> their defaulted bonds, and on judgments entered pursuant to
> judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

517.    Therefore, relief identical to that granted in the pre-judgment cases in

NML's pre-judgment actions is warranted in Plaintiffs' pre-judgment and summary judgment

case.

518.    Remedies available at law are inadequate to compensate for such injury.

519.    DE0003538914 Plaintiffs have performed its part of the contract with the

Republic.

520.    The Republic is capable of performing its obligations pursuant to the

Equal Protection Provision of the DE0003538914 Offering Circular.

521.    The balance of the equities tips toward the issuance of an injunction.

522.    The public interest would not be disserved by a permanent injunction.

### TWENTY-SEVEN CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0003538914 Offering
Circular and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

523.    DE0003538914 Plaintiffs repeat and reallege the allegations set forth in

paragraphs 1 through 522 herein.

524.    The Republic has engaged in a course of conduct violative of the Equal

Treatment Provision of the DE0003538914 Offering Circular.

525.    Through the issuance of the BONAR 2024 Bonds, the Republic issued a

new series of bonds with payment obligations that rank higher than those held by

DE0003538914 Plaintiffs and other Non-tendering Bondholders in violation of the Equal Treatment Provision of the DE0003538914 Offering Circular.

526. The BONAR 2024 Bonds are External Indebtedness. The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provision of the DE0003538914 Offering Circular.

527. The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to DE0003538914 Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0003538914 Offering Circular.

528. The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds without ratable payment to DE0003538914 Plaintiffs will be a continuing violation of the Equal Treatment Provision of the DE0003538914 Offering Circular.

529. Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0003538914 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiffs ratably whenever it pays interest to the holders of the BONAR 2024 Bonds.

530. Remedies available at law are inadequate to compensate for such injury.

531. DE0003538914 Plaintiffs have performed its part of the contract with the Republic.

532. The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0003538914 Offering Circular.

533. The balance of the equities tips toward the issuance of an injunction.

534. The public interest would not be disserved by a permanent injunction.

## TWENTY-EIGHT CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0003538914 Offering
Circular and for Injunctive Relief With Respect to All External Indebtedness)

535.    DE0003538914 Plaintiffs repeat and reallege the allegations set forth in

paragraphs 1 through 534 herein.

536.    The Republic has engaged in a course of conduct violative of the Equal

Treatment Provision of the DE0003538914 Offering Circular.

537.    Upon information and belief, the Republic has issued and will issue in the

future External Indebtedness in violation of the Equal Treatment Provision of the

DE0003538914 Offering Circular.

538.    The Republic's past payments to the holders of External Indebtedness,

while paying nothing to DE0003538914 Plaintiffs and other Non-tendering Bondholders,

violated the Equal Treatment Provision of the DE0003538914 Offering Circular.

539.    The Republic's continuing payments to the holders of External

Indebtedness without ratable payment to DE0003538914 Plaintiffs, including External

Indebtedness that upon information and belief the Republic will issue in the future, will be a

continuing violation of the Equal Treatment Provision of the DE0003538914 Offering Circular.

540.    Plaintiffs have suffered irreparable injury from the Republic's violation of

the Equal Treatment Provision of the DE0003538914 Offering Circular and will continue to

suffer such injury unless this Court specifically enforces that Provision with a mandatory

injunction requiring the Republic to pay DE0003538914 Plaintiffs ratably whenever it pays the

holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the

ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of

"Replacement Obligations" (meaning bonds or other obligations issued, whether before or after

entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any

BONAR 2024 Bonds or other Replacement Obligations).

541.    Remedies available at law are inadequate to compensate for such injury.

542.    DE0003538914 Plaintiffs have performed its part of the contract with the

Republic.

543.    The Republic is capable of performing its obligations pursuant to the

Equal Treatment Provision of the DE0003538914 Offering Circular.

544.    The balance of the equities tips toward the issuance of an injunction.

545.    The public interest would not be disserved by a permanent injunction.

### TWENTY-NINE CLAIM FOR RELIEF
(For Breach of Contract on the US04011NAL29 Bonds)

546.    CPENA, CPENB, CPENC, CC1, CEM, P-CEM, and PERMAL (together,

the "US04011NAL29 Plaintiffs") repeat and reallege the allegations set forth in paragraphs 1

through 252 herein.

547.    The US04011NAL29 Bonds are Notes under the terms of the 1993 Trust

Deed and Terms and Conditions of the Notes of the 1993 Trust Deed.

548.    Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms

and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest

constitute Events of Default on the US04011NAL29 Bonds entitling the Trustee to declare the

principal amount of the US04011NAL29 Bonds it holds, together with any accrued and unpaid

interest, to be due and payable immediately.

549.    On or about March 3, 2016, the US04011NAL29 Plaintiffs requested that

the Trustee declare the entire principal amount of the US04011NAL29 Bonds held by

US04011NAL29 Plaintiff, together with any accrued and unpaid interest, to be immediately due

and payable.

550.    Despite the notice, the Republic has failed to make any payments of principal or interest on the US04011NAL29 Bonds to the US04011NAL29 Plaintiffs.

551.    By reason of the foregoing, the Republic has breached its contractual obligations to the US04011NAL29 Plaintiffs, and the Republic is liable to the US04011NAL29 Plaintiffs for damages in amount to be determined at trial, plus interest.

## THIRTY CLAIM FOR RELIEF
### (For Breach of Contract on the XS0089277825 Bonds)

552.    CPENA, CPENB, TCAB, CC1, CCTC, and CEM (together, the "XS0089277825 Plaintiffs") repeat and reallege the allegations set forth in paragraphs 1 through 551 herein.

553.    The XS0089277825 Bonds are Notes under the terms of the 1993 Trust Deed and Terms and Conditions of the Notes of the 1993 Trust Deed.

554.    Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0089277825 Bonds entitling the Trustee to declare the principal amount of the XS0089277825 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

555.    On or about March 3, 2016, the XS0089277825 Plaintiffs requested that the Trustee declare the entire principal amount of the XS0089277825 Bonds held by XS0089277825 Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

556.    Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0089277825 Bonds to the XS0089277825 Plaintiffs.

557.   By reason of the foregoing, the Republic has breached its contractual obligations to the XS0089277825 Plaintiffs, and the Republic is liable to the XS0089277825 Plaintiffs for damages in amount to be determined at trial, plus interest.

## THIRTY-ONE CLAIM FOR RELIEF
(For Breach of Contract on the XS0105224470 Bonds)

558.   CC1, CSSM, CCTC, CCSP, CDG, and CEM (together, the "XS0105224470 Plaintiffs") repeat and reallege the allegations set forth in paragraphs 1 through 557 herein.

559.   The XS0105224470 Bonds are Notes under the terms of the 1993 Trust Deed and Terms and Conditions of the Notes of the 1993 Trust Deed.

560.   Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0105224470 Bonds entitling the Trustee to declare the principal amount of the XS0105224470 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

561.   On or about March 3, 2016, the XS0105224470 Plaintiffs requested that the Trustee declare the entire principal amount of the XS0105224470 Bonds held by XS0105224470 Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

562.   Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0105224470 Bonds to the XS0105224470 Plaintiffs.

563.   By reason of the foregoing, the Republic has breached its contractual obligations to the XS0105224470 Plaintiffs, and the Republic is liable to the XS0105224470 Plaintiffs for damages in amount to be determined at trial, plus interest.

## THIRTY-TWO CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment
Provision of the 1993 Trust and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

564.   US04011NAL29 Plaintiffs, XS0089277825 Plaintiffs, and XS0105224470 Plaintiffs (together, "1993 Trust Deed Plaintiffs") repeat and reallege the allegations set forth in paragraphs 1 through 563 herein.

565.   Pursuant to Section 5.1 of the Trust Deed, the Republic provided that "[a]ll moneys received by the Trustee in respect of the Notes or amounts payable under this Trust Deed will, despite any appropriation of all or part of them by the Republic, be held by the Trustee on trust to apply them … in payment of any amounts owing in respect of the Notes or Coupons pari passu and rateably…"

566.   Pursuant to Section 3 of the Terms and Conditions of the Notes (together with Section 5.1 of the Trust Deed, the "Equal Protection Provisions of the Trust Deed and Terms and Conditions"), the Republic provided that its bonds issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves. … The payment obligations of the Republic under the Notes and the Coupons shall … at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness…"

567.   The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to 1993 Trust Deed Plaintiffs.

568.   The Republic has engaged in a course of conduct violative of the Equal Protection Provisions of the Trust Deed and Terms and Conditions.

569.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by 1993 Trust Deed Plaintiffs and other Non-tendering Bondholders in violation of the Equal Protection Provisions of the Trust Deed and Terms and Conditions.

570.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by 1993 Trust Deed Plaintiffs and other Non-tendering Bondholders in violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

571.    The bonds issued in the Exchanges are External Indebtedness.

572.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

573.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to 1993 Trust Deed Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

574.    The Republic's past payment of interest to 2010 Bondholders, while paying nothing to 1993 Trust Deed Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

575.    The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to 1993 Trust Deed Plaintiffs will be a continuing violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

576.    The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to 1993 Trust Deed Plaintiffs will be a continuing violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

577. 1993 Trust Deed Plaintiffs has suffered irreparable injury from the Republic's violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions and will continue to suffer such injury unless this Court specifically enforces that Provisions with a mandatory injunction requiring the Republic to pay 1993 Trust Deed Plaintiffs ratably whenever it pays interest to 2005 or 2010 Bondholders.

578. In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations under the FAA applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

579. The Equal Treatment Provision of the FAA is virtually identical to the Equal Treatment Provision of the Terms and Conditions.

580. Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in 1993 Trust Deed Plaintiffs' pre-judgment and summary judgment case.

581. Remedies available at law are inadequate to compensate for such injury.

582. 1993 Trust Deed Plaintiffs has performed its part of the contract with the Republic.

583. The Republic is capable of performing its obligations pursuant to the Equal Treatment Provisions of the 1993 Trust Deed and Terms and Conditions.

584. The balance of the equities tips toward the issuance of an injunction.

585.    The public interest would not be disserved by a permanent injunction.

## THIRTY-THREE CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

586.    1993 Trust Deed Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 585 herein.

587.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

588.    Through the issuance of the BONAR 2024 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by 1993 Trust Deed Plaintiffs and other Non-tendering Bondholders in violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

589.    The BONAR 2024 Bonds are External Indebtedness.  The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

590.    The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

591.    The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds without ratable payment to 1993 Trust Deed Plaintiffs will be a continuing violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

592.    Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory

injunction requiring the Republic to pay 1993 Trust Deed Plaintiffs ratably whenever it pays interest to the holders of the BONAR 2024 Bonds.

593.   Remedies available at law are inadequate to compensate for such injury.

594.   1993 Trust Deed Plaintiffs have performed its part of the contract with the Republic.

595.   The Republic is capable of performing its obligations pursuant to the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

596.   The balance of the equities tips toward the issuance of an injunction.

597.   The public interest would not be disserved by a permanent injunction.

## THIRTY-FOUR CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions and for Injunctive Relief With Respect to All External Indebtedness)

598.   1993 Trust Deed Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 597 herein.

599.   The Republic has engaged in a course of conduct violative of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

600.   Upon information and belief, the Republic has issued and will issue in the future External Indebtedness in violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

601.   The Republic's past payments to the holders of External Indebtedness, while paying nothing to 1993 Trust Deed Plaintiffs and other Non-tendering Bondholders, violated the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

602.   The Republic's continuing payments to the holders of External Indebtedness without ratable payment to 1993 Trust Deed Plaintiffs, including External

Indebtedness that upon information and belief the Republic will issue in the future, will be a continuing violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

603.    1993 Trust Deed Plaintiffs have suffered irreparable injury from the Republic's violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay 1993 Trust Deed Plaintiffs ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

604.    Remedies available at law are inadequate to compensate for such injury.

605.    1993 Trust Deed Plaintiffs have performed its part of the contract with the Republic.

606.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

607.    The balance of the equities tips toward the issuance of an injunction.

608.    The public interest would not be disserved by a permanent injunction.

### THIRTY-FIVE  CLAIM FOR RELIEF
(For Breach of Contract on the IT0006527292 Bonds)

609.    CPENA, CPENB, CC1, CSSM, CCTC, CCSP, CDG, and CEM (together, the "IT0006527292 Plaintiffs") repeat and reallege the allegations set forth in paragraphs 1 through 608 herein.

610.    IT0006527292 Plaintiffs are holders of IT0006527292 Bonds.

611.    In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on IT0006527292 Bonds.

612.    Since then, the Republic has failed to make payments due of principal or interest on the IT0006527292 Bonds to the IT0006527292 Plaintiffs.

613.    By reason of the foregoing, the Republic has breached its contractual obligations to the IT0006527292 Plaintiffs, and the Republic is liable to the IT0006527292 Plaintiffs for damages in amount to be determined at trial, plus interest.

### THIRTY-SIX  CLAIM FOR RELIEF
(For Breach of Contract on the IT0006529769 Bonds)

614.    CC1, CSSM, CCTC, CCSP, CDG, CEM and P-CEM (together, the "IT0006529769 Plaintiffs") repeat and reallege the allegations set forth in paragraphs 1 through 613 herein.

615.    The IT0006529769 Plaintiffs are holders of IT0006529769 Bonds.

616.    In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on IT0006529769 Bonds.

617.    Since then, the Republic has failed to make payments due of principal or interest on the IT0006529769 Bonds to the IT0006529769 Plaintiffs.

618.    By reason of the foregoing, the Republic has breached its contractual obligations to the IT0006529769 Plaintiffs, and the Republic is liable to the IT0006529769 Plaintiffs for damages in amount to be determined at trial, plus interest.

i.    On Count One, awarding DE0002466208 Plaintiffs damages against the

87

Republic in an amount to be determined at trial, plus interest;

ii.    On Count Two, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002466208 Offering Circular, by requiring ratable payment to DE0002466208 Plaintiffs whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

iii.   On Count Three, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002466208 Offering Circular, by requiring ratable payment to DE0002466208 Plaintiffs whenever the Republic makes payments on the BONAR 2024 Bonds;

iv.    On Count Four, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002466208 Offering Circular, by requiring ratable payment to DE0002466208 Plaintiffs whenever the Republic makes payments on all External Indebtedness;

v.     On Count Five, awarding DE0002483203 Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

vi.    On Count Six, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002483203 Offering Circular, by requiring ratable payment to DE0002483203 Plaintiffs whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

vii.   On Count Seven, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002483203 Offering Circular, by requiring ratable payment to DE0002483203 Plaintiffs whenever the Republic makes payments on the BONAR 2024 Bonds;

viii.   On Count Eight, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002483203 Offering Circular, by requiring ratable payment to DE0002483203 Plaintiffs whenever the Republic makes payments on all External Indebtedness;

ix.   On Count Nine, awarding DE0002923851 Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

x.   On Count Ten, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002923851 Offering Circular, by requiring ratable payment to DE0002923851 Plaintiffs whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

xi.   On Count Eleven, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002923851 Offering Circular, by requiring ratable payment to DE0002923851 Plaintiffs whenever the Republic makes payments on the BONAR 2024 Bonds;

xii.   On Count Twelve, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002923851 Offering Circular, by requiring ratable payment to DE0002923851 Plaintiffs whenever the Republic makes payments on all External Indebtedness;

xiii.   On Count Thirteen, awarding DE0002966900 Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

xiv.   On Count Fourteen, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002966900 Offering Circular, by requiring ratable payment to DE0002966900 Plaintiffs whenever the Republic

makes payments on the 2005 and 2010 exchange bonds;

xv. On Count Fifteen, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002966900 Offering Circular, by requiring ratable payment to DE0002966900 Plaintiffs whenever the Republic makes payments on the BONAR 2024 Bonds;

xvi. On Count Sixteen, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002966900 Offering Circular, by requiring ratable payment to DE0002966900 Plaintiffs whenever the Republic makes payments on all External Indebtedness;

xvii. On Count Seventeen, awarding DE0003089850 Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

xviii. On Count Eighteen, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0003089850 Offering Circular, by requiring ratable payment to DE0003089850 Plaintiffs whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

xix. On Count Nineteen, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0003089850 Offering Circular, by requiring ratable payment to DE0003089850 Plaintiffs whenever the Republic makes payments on the BONAR 2024 Bonds;

xx. On Count Twenty, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0003089850 Offering Circular, by requiring ratable payment to DE0003089850 Plaintiffs whenever the Republic makes payments on all External Indebtedness;

xxi.    On Count Twenty-One, awarding DE0003527966 Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

xxii.   On Count Twenty-Two, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0003527966 Offering Circular, by requiring ratable payment to DE0003527966 Plaintiffs whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

xxiii.  On Count Twenty-Three, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0003527966 Offering Circular, by requiring ratable payment to DE0003527966 Plaintiffs whenever the Republic makes payments on the BONAR 2024 Bonds;

xxiv.   On Count Twenty-Four, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0003527966 Offering Circular, by requiring ratable payment to DE0003527966 Plaintiffs whenever the Republic makes payments on all External Indebtedness;

xxv.    On Count Twenty-Five, awarding DE0003538914 Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

xxvi.   On Count Twenty-Six, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0003538914 Offering Circular, by requiring ratable payment to DE0003538914 Plaintiffs whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

xxvii.  On Count Twenty-Seven, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0003538914 Offering Circular, by requiring ratable payment to DE0003538914 Plaintiffs whenever the

Republic makes payments on the BONAR 2024 Bonds;

xxviii.  On Count Twenty-Eight, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0003538914 Offering Circular, by requiring ratable payment to DE0003538914 Plaintiffs whenever the Republic makes payments on all External Indebtedness;

xxix.  On Count Twenty-Nine, awarding US04011NAL29 Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

xxx.  On Count Thirty, awarding XS0089277825 Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

xxxi.  On Count Thirty-One, awarding XS0105224470 Plaintiffs damages against the Republic in an amount to be determined at trial, plus interest;

xxxii.  On Count Thirty-Two, awarding an Order specifically enforcing the Equal Treatment Provisions of the 1993 Trust Deed and Terms and Conditions, by requiring ratable payment to 1993 Trust Deed Plaintiffs whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

xxxiii.  On Count Thirty-Three, awarding an Order specifically enforcing the Equal Treatment Provisions of the 1993 Trust Deed and Terms and Conditions, by requiring ratable payment to 1993 Trust Deed Plaintiffs whenever the Republic makes payments on the BONAR 2024 Bonds;

xxxiv.  On Count Thirty-Four, awarding an Order specifically enforcing the Equal Treatment Provisions of the 1993 Trust Deed and Terms and Conditions, by requiring ratable payment to 1993 Trust Deed Plaintiffs whenever the Republic makes payments on all External Indebtedness;

xxxv.   On Count Thirty-Five, awarding IT0006527292 Plaintiffs damages against

the Republic in an amount to be determined at trial, plus interest;

xxxvi.   On Count Thirty-Six, awarding IT0006529769 Plaintiffs damages against

the Republic in an amount to be determined at trial, plus interest;

xxxvii.   Awarding Plaintiffs their costs, attorneys' fees and such other and further

relief as this Court shall deem just and proper.

Dated: New York, New York
       March 3, 2016

**DUANE MORRIS LLP**

By: _____
Anthony J. Costantini
E-mail:ajcostantini@duanemorris.com
Suzan Jo
E-mail:sjo@duanemorris.com
Kevin P. Potere
Email: kppotere@duanemorris.com
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020

*Attorneys for Plaintiffs CCM Pension-A, L.L.C.,
CCM Pension-B, L.L.C., CCM Pension-C, L.L.C.,
Contrarian Advantage-B, LP, Contrarian Capital
Senior Secured, L.P., Contrarian Capital Fund I,
L.P., Contrarian Capital Trade Claims, L.P.,
Contrarian Centre Street Partnership, L.P.,
Contrarian Emerging Markets, L.P., Contrarian
Dome du Gouter Master Fund, LP, P Contrarian
EM Ltd., and Permal Contrarian Fund I Ltd.*