UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
CCM PENSION-A, L.L.C., *et al.*,

                                 Plaintiffs,

              v.

THE REPUBLIC OF ARGENTINA,

                                Defendant.
------------------------------------------------------- x

16-cv-1650 (TPG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/2/16

## **OPINION**

In this bondholder action against the Republic of Argentina, the court must assess whether certain claims may proceed. The Republic has moved to dismiss claims on some bonds for lack of personal jurisdiction, lack of subject-matter jurisdiction, and insufficient service of process. For the following reasons, the court grants the Republic's motion to dismiss.

## Background

Plaintiffs are institutional investors that allegedly hold beneficial interests in twelve series of Republic-issued bonds governed by Italian, German, or English law.

The "Italian Bonds" are governed by Italian law, while the "German Bonds" are governed by German law. Neither the Italian Bonds nor the German Bonds designate an authorized agent for service of process in the United States or for suits brought in the United States. For the Italian Bonds, the "Courts of Milan"

have jurisdiction over "[a]ny dispute" between the parties. *See, e.g.*, Dkt. 22, Block Decl. Ex. J (art. 13).

After the Republic allegedly defaulted on the bonds, plaintiffs filed suit in this court. Plaintiffs attempted to serve the complaint on the Republic by delivering it to the New York branch of Banco de la Nación Argentina (BNA), which is the authorized agent for service of process for claims on *U.S.* bonds. Plaintiffs did not serve the Republic with process under any international service convention.

The Republic now moves to dismiss claims on the Italian and German Bonds under Federal Rules of Civil Procedure 12(b)(1), (2), and (5). The Republic argues that this court lacks personal and subject-matter jurisdiction over claims on the Italian Bonds, and that plaintiffs' inadequate service of process deprives this court of personal jurisdiction over claims on the Italian and German Bonds. Plaintiffs' principal retort is that the Republic has waived these jurisdictional and service defenses by failing to assert them in other, now-settled litigations brought by different plaintiffs. The court will address each defense in turn.

Discussion

**1. Waiver of Immunity**

As to the Italian Bonds, the Republic argues that this court lacks personal and subject-matter jurisdiction because there has been no waiver of immunity to suit in the United States on these particular bonds.

Personal jurisdiction over a foreign sovereign exists only as to claims over which there is subject-matter jurisdiction. *See* 28 U.S.C. § 1330(b); *see also*

*Capital Ventures Int'l v. Republic of Argentina*, 552 F.3d 289, 293 n.3 (2d Cir. 2009). The Foreign Sovereign Immunities Act (FSIA) provides the sole source of subject-matter jurisdiction over a foreign sovereign. *See* 28. U.S.C. §§ 1330(a), 1604; *see also Garb v. Republic of Poland*, 440 F.3d 579, 581 (2d Cir. 2006). Under the FSIA, a foreign sovereign "is presumptively immune from the jurisdiction of United States courts," and federal courts therefore lack subject-matter jurisdiction over claims against a foreign sovereign "unless a specified exception applies." *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993); *see also* 28 U.S.C. §1605(a).

An FSIA exception applies when a foreign sovereign "has waived its immunity either explicitly or by implication." 28 U.S.C. § 1605(a)(1). Explicit waivers must be clear and unambiguous, and courts must "narrowly construe[]" them "in favor of the sovereign." *World Wide Minerals, Ltd. v. Republic of Kazakhstan*, 296 F.3d 1154, 1162 (D.C. Cir. 2002) (quotation omitted). Implicit waivers, too, must be "unmistakable" or "unambiguous," with courts applying the same narrow construction as with explicit waivers. *Shapiro v. Republic of Bolivia*, 930 F.2d 1013, 1017 (2d Cir. 1991).

The Republic has not explicitly waived immunity to suit in this court as to the Italian Bonds. Although the Italian Bonds clearly waive immunity to suit in Italy, they contain no such waiver for New York. And submission to suit in Italy effects no waiver in the United States under the FSIA. *See Eaglet Corp. v. Banco Central de Nicaragua*, 839 F. Supp. 232, 234 (S.D.N.Y. 1993).

Plaintiffs cry foul because the Republic failed to raise sovereign immunity as an affirmative defense when filing answers in similar cases brought by other bondholders. *See, e.g., Portena Holdings v. Republic of Argentina*, No. 16-cv-1063 (S.D.N.Y.). But the Republic's submission to suit against different plaintiffs does not waive its immunity as to plaintiffs' claims here. To find implicit waiver in these circumstances would not "construe[] narrowly" the Republic's actions. *See Shapiro*, 930 F.2d at 1017. It would also contradict the practice of analyzing immunity defenses in the context of the specific claims and case before the court. *See, e.g., id.* at 1018 n.4; *cf. Biomedical Patent Mgmt. Corp. v. Cal., Dep't of Health Servs.*, 505 F.3d 1328, 1339 (Fed. Cir. 2007) (finding that, in the context of U.S. states' immunity, "waiver of immunity as to the subject matter of a lawsuit does not, by itself, constitute a waiver of immunity in any future lawsuit involving that subject matter").

Without a waiver, there is no basis for personal and subject-matter jurisdiction in this court over claims on the Italian Bonds. Finding no waiver, the court dismisses those claims.

### 2. Forum-Selection Clauses

The Republic argues that the court must dismiss claims on the Italian Bonds for the additional reason that the court must enforce the Italian Bonds' forum-selection clauses, which provide for the *exclusive* jurisdiction of another forum.

As a general matter, courts should enforce forum-selection clauses unless there are strong policy reasons not to. *M/S Bremen v. Zapata Off-Shore Co.*, 407

U.S. 1, 15 (1972); *see also Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 583 (2013) (courts should enforce forum-selection clauses "[i]n all but the most unusual cases"). "Of course if mandatory venue language is employed, the clause will be enforced." *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.*, 22 F.3d 51, 52 (2d Cir. 1994).

The need to enforce forum-selection clauses is perhaps greatest in the international arena. *See generally M/S Bremen*, 407 U.S. at 9 ("We cannot have trade and commerce in world markets and international waters exclusively on our terms, governed by our laws, and resolved in our courts."). Forum-selection clauses are "an almost indispensable precondition to achievement of the orderliness and predictability essential to any international business transaction." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 516 (1974). Moroever, "concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes" all counsel courts to enforce clauses designating foreign forums, even if a contrary result on the merits would be forthcoming in a domestic context. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 629 (1985).

Here, the Italian Bonds designate "the Courts of Milan" as the exclusive forum for disputes between the parties. One series provides that "[a]ny dispute . . . will be subject to the *exclusive* jurisdiction of the Courts of Milan," while the other series indicates that "[a]ny dispute . . . will be subject to the jurisdiction of the Courts of Milan *without the possibility of derogation thereof.*" Dkt. 22, Block

Decl. Ex. I (art. 10) & Ex. J (art. 13) (emphases added). These facts alone support dismissal in this forum.

Plaintiffs cite no authority for their argument that a sovereign nullifies an explicit forum-selection clause by not deploying it in different litigation brought by different plaintiffs. Indeed, the authority seems to go the other way. *See, e.g., Harmon v. Boland*, 90 F. Supp. 559, 560 (S.D.N.Y. 1950) ("Waiver of the venue privilege in prior cases does not constitute a waiver of the privilege in this case."); *Odette v. Shearson, Hammill & Co.*, 394 F. Supp. 946, 951 (S.D.N.Y. 1975) (refusing to find waiver of venue defense despite defendant's failure to raise it in a prior litigation).

Plaintiffs also invoke the "interests of justice" in asking the court to ignore the clauses' clear language. But the interests of justice do not favor plaintiffs here. Plaintiffs and the Republic contracted for an exclusive forum, and "[i]n all but the most unusual cases . . . 'the interest of justice' is served by holding parties to their bargain." *Atl. Marin Constr. Co.*, 134 S. Ct. at 583. Plaintiffs have failed to show that litigating this case in Italy "will be so gravely difficult and inconvenient that [they] will for all practical purposes be deprived of [their] day in court." *See M/S Bremen*, 407 U.S. at 18. Accordingly, the court will enforce these forum-selection clauses and dismiss plaintiffs' claims on the Italian Bonds.

### 3. Service of Process

As to both the Italian and German Bonds, the Republic argues that plaintiffs' service of process was inadequate, and thus the court lacks personal jurisdiction over the Republic.

Personal jurisdiction over a foreign sovereign exists only where service satisfies § 1608(a) of the FSIA. 28 U.S.C. § 1330(b). Under § 1608(a), where no "special arrangement exists," a plaintiff must accomplish service "by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. § 1608(a)(2); *see also* Fed. R. Civ. P. 4(j)(1).

"Courts have been unequivocal that § 1608(a) 'mandate[s] strict adherence to its terms,' . . . [and] defective service is rarely, if ever, excused." *Lewis & Kennedy, Inc. v. Permanent Mission of Republic of Botswana to United Nations*, No. 05-cv-2591, 2005 WL 1621342, at *3 (S.D.N.Y. July 12, 2005). It is irrelevant that a foreign sovereign is aware of a suit despite not having been served with process. *Gray v. Permanent Mission of People's Republic of Congo to United Nations*, 443 F. Supp. 816, 821 (S.D.N.Y. 1978).

The Italian and German Bonds do not designate an agent for service of process for actions *not* brought in Italy or Germany. No other explicit "special arrangement" exists between the parties, and plaintiffs did not serve the Republic through any international convention. *See generally Scheck v. Republic of Argentina*, No. 10-cv-5167, 2011 WL 2118795, at *2 (S.D.N.Y. May 23, 2011) (finding the Hague Service Convention applicable when similar German-law bonds designated no authorized agent or other special arrangement for service).

Plaintiffs' delivery of the complaint to BNA's New York branch is deficient because BNA is not the Republic's authorized agent for suits related to these bonds. Plaintiffs argue that the Republic's past acquiescence to service through

- 7 -

BNA in other litigation with different parties yielded an unspoken "special arrangement" by creating an implied agency for service in this case. But a "special arrangement" under § 1608(a)(1) must be "between the plaintiff and the foreign state," not *other* plaintiffs and the foreign state. To endorse plaintiffs' implied-agency theory for service would not constitute "strict adherence to the FSIA," *see Finamar Inv'rs Inc. v. Republic of Tadjikistan*, 889 F. Supp. 114, 117 (S.D.N.Y. 1995), and the court declines to adopt that approach.

Plaintiffs' service of process was deficient and this court therefore lacks personal jurisdiction over the Republic for claims on the Italian and German Bonds.

## Conclusion

For the foregoing reasons, the claims based on the Italian Bonds are dismissed for lack of personal jurisdiction, lack of subject-matter jurisdiction, and insufficient service of process, and the claims based on the German Bonds are dismissed for insufficient service of process and lack of personal jurisdiction.

SO ORDERED

Dated: New York, New York
August 2, 2016

Thomas P. Griesa
United States District Judge